## The Grand Rapids & Indiana Railroad Company v. Robert F. Judson.

*Negligence: Railroads: Usual manner of running trains.* Negligence cannot be presumed, but must be affirmatively proved; and it cannot be presumptively negligent to run a railroad train in the usual manner, in the absence of proof that such usual manner is in itself improper.

*Negligence: Question of fact: Weight of evidence.* In an action to recover
from a railroad company damages for injuries to horses, claimed to have
arisen from neglect to keep up proper cattle guards, there being some
testimony admitted without objection and having some tendency to prove
the cattle guard insufficient, the submission of the question to the jury
is held not to be error; a court of review will not consider the weight
of evidence on writ of error.

*Charge to the jury: Testimony of single witness.* The refusal of the trial
court upon request to put the case to the jury upon the testimony of a
single witness, or to instruct them that if they believe such a witness
their verdict should be for a particular party, is not error.

*Heard June 21. Decided October 10.*

Error to Kalamazoo Circuit.

*Hughes, O'Brien & Smiley,* for plaintiff in error.

*Severens, Boudeman & Turner,* for defendant in error.

CAMPBELL, J:

Suit was brought to recover damages for injuries to a
mare and colt in the village of Kalamazoo. One count
claimed the injury to have arisen from neglect to keep up
proper cattle guards. The other charged negligence in run-
ning the trains.

So far as the latter is concerned, the only testimony in
the case showed that the train in question was run in the
usual way and with the usual precautions. As negligence
cannot be presumed, but must be affirmatively proved, and
as it cannot be presumptively negligent to run in the usual
manner, without proof that such usual manner is itself im-
proper (which can rarely happen), the defendant below
was entitled to a charge that this cause of action was not
made out.

Upon the question of the cattle guard, there was some
testimony not objected to and not stricken out which had
some tendency to show the cattle guard was insufficient.
Inasmuch as all the testimony of persons acquainted with the
construction of cattle guards swore to its sufficiency, and
the evidence was very conclusive that the mare was caught.

in it in a way which showed it was very different from what some witnesses had represented it, there is reason to believe a more complete cross-examination would have been desirable. But whatever may be our view of the weight or quality of this testimony, it is not clearly shown to have been based on guess-work and not on knowledge, and we cannot, therefore, hold that it was not open to the jury.

We do not think it error for a court to refuse to put the case to the jury upon the testimony of a single witness, or to decline instructing them that if they believe such a witness their finding should be for a particular party.— *Westchester Fire Ins. Co. v. Earle, 33 Mich., 143.* It may not be error to give such instruction, but where there are several witnesses who are in conflict, there may be very good reasons why such a course might be unfair, and tend to withdraw attention from important facts. A witness may be right in part and wrong in part, and a jury may be of that opinion. Isolating his testimony would naturally lead to an idea that if they accepted any they were bound to receive all of it, and cases may be found where this would lead to injustice. If the court does not plainly see that no such difficulty can arise, it is much safer to charge on the law and upon proper hypotheses, than to put the case upon the testimony of a single witness.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.