| 108 | 41 |
| 112 | 66 |

### GUILLOZ v. FORT WAYNE & BELLE ISLE RAILWAY CO.

1. ELECTRIC RAILWAYS—NEGLIGENCE—SPEED OF CAR.
   The mere occurrence of a collision between an electric car and a wagon is insufficient to show that the car was running at an improper rate of speed.

2. SAME.
   It is not presumptively negligent to run an electric car in the usual manner, in the absence of evidence that such manner is in itself improper.

Error to Wayne; Carpenter, J. Submitted November 7, 1895. Decided December 30, 1895.

Case by Caroline F. Guilloz, administratrix of the estate of Paul Guilloz, deceased, against the Fort Wayne & Belle Isle Railway Company, for negligently causing the death of plaintiff's intestate. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*James H. Pound*, for appellant.

*Edwin F. Conely* and *Orla B. Taylor*, for appellee.

Hooker, J.   The plaintiff's husband was killed by being thrown or in alighting from his vehicle, a baker's delivery wagon, at the instant of a collision between said wagon and the defendant's trolley car.   The undisputed evidence shows that the deceased was driving eastward on Champlain street, in the city of Detroit, upon which street the defendant had two tracks.   The deceased was south of the tracks.   His wagon was covered, and had openings in front, and upon each side, between the wheels. He was overtaken and passed by a car upon the south track, at a point between two cross streets, whereupon he turned to cross the tracks, his horse being upon a trot; and upon discovering a car approaching from the east, upon the north track, he turned back to the south, but did not succeed in getting out of the way of the car, which struck the hind wheel of the wagon, breaking one or more spokes, but not tipping the wagon over.   At this juncture he was thrown or jumped out, and received an injury from which he died.   The trial court directed a verdict for the defendant, and the plaintiff has appealed.

The negligence alleged is an improper rate of speed, and failure to sound the gong.   There is no evidence that the gong was not sounded, and much that it was sounded as soon as the deceased passed into view of the western-bound car.   There is also evidence that it was sounded for the crossing.   There is no evidence that the car was running at an unusual rate of speed.   Susan Smith testified that the car was going at the same rate it always did, *i. e.*, "very quick, unless you want to get off." Mr. Manigold said he should judge that it was running between 10 and 12 miles an hour.   Mr. MacAurell said that they were going at a pretty good speed; could not say at exactly what rate.   Myron Graves said: "It was just about the ordinary rate of speed.   It might have been five or ten miles.   I don't know anything about

speed." Maggie Burke said: "They were not running very fast, on account of having to slack up at the corner, crossing the street." There was no evidence that the rate of speed was dangerous, unless it is to be said that the fact of the injury proves it; and until there is something to show the real rate of speed, and that it was unsafe, there was no question of negligence to go to the jury. *Grand Rapids & Ind. R. Co.* v. *Huntley*, 38 Mich. 537. So long as the evidence does not show that the car was run in an unusual manner, and there is nothing to show that the usual manner was improper, there is no opportunity to presume that there was negligence. *Grand Rapids & Ind. R. Co.* v. *Judson*, 34 Mich. 506. We think, therefore, that the charge of negligence was not sustained, and that the circuit judge rightly withdrew the case from the jury.

Judgment affirmed.

The other Justices concurred.