TURNER *v.* DETROIT SOUTHERN RAILROAD CO.

1. Master and Servant—Personal Injuries—Safe Appliances —Railroad Companies.

   A railroad company was not negligent, in using a step which was in common use, without evidence that it was so dangerous that an ordinarily prudent employer would discard it, although it projected 15 inches beyond the side of the car.

2. Same—Cars—Projecting Steps.

Where steps, projecting 15 inches beyond the cars, but not so far as the widest portions of the engines, had been used on defendant's railroad for four years, and also on other roads, without injuring anyone, defendant was not negligent in failing to apprehend that the steps would strike some one standing near the track.

3. Same—Negligence—Danger to Employés.

The fact that a railroad tie, which had been left by a fellow-servant of the plaintiff too near the track, was struck by a projecting step on a car and thrown against the plaintiff, affords no evidence that defendant should have apprehended danger to its employés from such projecting steps.

. Error to Lenawee; Chester, J. Submitted June 9, 1904. (Docket No. 1.). Decided July 7, 1904.

Case by Ernest W. Turner against the Detroit Southern Railroad Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Reversed.

*Dickinson, Stevenson, Cullen, Warren & Butzel,* for appellant.

*Fellows & Chandler,* for appellee.

Carpenter, J. In October, 1901, plaintiff was a section man in defendant's employ. The gang of which he was a member was engaged in taking out old ties and replacing them with new. The projecting step of a caboose on a passing train hit one of the new ties strewn along the track, and threw it with great force against plaintiff, who was standing near the passing train, and seriously injured him. He brought this suit to recover compensation, claiming that defendant was negligent in permitting said step to project so far from the caboose. The issue was submitted to a jury, who rendered a verdict in favor of plaintiff. We are asked to reverse the judgment in plaintiff's favor upon several grounds, but, in our judgment, we need to consider but one: Was there

any evidence that defendant was negligent in permitting the step in question to project from the caboose ?

Defendant had four cabooses with projecting steps precisely like that in question. These cabooses were built over box freight cars, with doors at either end and at the sides. To enable the train crew to conveniently get in and out, steps made of strap iron, mortised to the sill, with the lower ends bent outward supporting a plank step, were suspended at the sides. This lower step was 20 inches below the floor of the car, and, according to plaintiff's testimony, projected 15 inches beyond the side. These cabooses had been used by defendant during the construction of its road and ever afterwards—for four years or more—and plaintiff's injury was the first known injury or accident resulting from their use. The cabooses passed back and forth over the road in daily·use, and were generally known to the men in its employ. They were not, however, known to the plaintiff, who had been in defendant's employ but 10 days. The same or similar type of cabooses with the projecting steps were in use by the Cincinnati, Hamilton & Dayton Railroad, the Louisville & Nashville Railroad, the Lake Erie & Western Railroad, and the Detroit, Toledo & Milwaukee branch of the Lake Shore & Michigan Southern Railroad. Undisputed testimony proves that parts of the smallest engines used on the defendant's road projected farther than did these steps. It was shown that the Wabash Railroad—the only road upon which defendant had had prior experience—and the main line of the Lake Shore & Michigan Southern Railroad had no cabooses with such steps. One witness, a Mr. Bray, who had been a master car builder, testified that he considered the construction improper; but his only objections to it are that the step might be knocked off by a bridge or other structure along the tracks, or might injure some one "standing close to the track, or something like that." The fact that these cabooses had been run this way for four years without accident is proof—if proof be needed—that the projecting step did not come in con-

tact with bridges or other structures on defendant's road. And surely a railroad company is under no obligation to assume that persons will stand within 15 inches of a passing train, especially when it is shown that parts of the locomotive, which we must presume to be properly constructed, projected more than 15 inches. It cannot, therefore, be contended that defendant was negligent because it made no provision for the protection of such persons.

The jury were not warranted in finding negligence from the use of a projecting step which it may be said, on this record, was in common use, without evidence that it was so dangerous that an ordinarily prudent employer would discard it. See *Grand Rapids, etc., R. Co.* v. *Judson*, 34 Mich. 506. The fact that parts of the locomotive projected farther than these steps compels us to say, as we have already indicated, that defendant was not negligent in failing to apprehend that the steps would strike some person standing near the track. No lesson from its own experience—and defendant had a right to place great reliance on this experience (see *La Pierre* v. *Railway Co.*, 99 Mich., at pages 214, 215 [58 N. W. 60])—or, so far as this record shows, from the experience of others, had taught defendant that these projecting steps were dangerous, for, until plaintiff was injured, their use had occasioned no injury.

There is no evidence, then, in this record, from which it may be inferred that defendant should have apprehended danger to its employés from these projecting steps, unless the injury to plaintiff affords such evidence. It cannot be argued that the injury to plaintiff affords evidence that defendant should have apprehended that the projecting steps directly endangered the safety of its employés, for plaintiff was not directly injured by the step. He was injured because the step threw against him a tie, which, through the negligence of his fellow-servants, was left too near the track. We think it cannot be seriously contended that defendant was negligent in failing to foresee and guard against so improbable a contingency.

"It is a mistake for one to take his stand after an accident and impute responsibility from a view thus obtained. It is nearly always easy, after an accident has happened, to see how it could have been avoided." 1 Bailey's Personal Injuries Relating to Master and Servant, § 112, citing *Burke* v. *Witherbee*, 98 N. Y. 562.

In our judgment, the only negligence shown on this record is that of the fellow-servant who placed the tie too near the track; and it follows, therefore, that the trial court erred in refusing to direct a verdict for the defendant.

Judgment reversed, and a new trial granted.

The other Justices concurred.