PATRICK HANNIGAN, Appellant, *v.* JEREMIAH T. SMITH, Respondent.

*Contributory negligence — brick falling through an elevator shaft — a hodcarrier continuing work under a promise that the dangerous condition will be remedied.*

In an action brought to recover from the defendant, who was engaged in reconstructing a building, damages for injuries sustained by the plaintiff, a hodcarrier, while employed in carrying brick from the street to an elevator, to which it was his duty to attach the hod, and by which the hod was carried to the upper stories of the building, it appeared that the plaintiff, when about three or four feet from the elevator, was struck by a brick falling down between the open beams of the floor above, upon which no flooring had been laid, except two planks above the elevator, as was also the case with the various upper floors; that complaints that the place was insecure had been made to the foreman of the defendant by the plaintiff, who was told by the foreman to go ahead, that ·he would have the floor planked over and would make it all right.

*Held,* that the plaintiff was guilty of contributory negligence in that, with full knowledge of the danger, he had continued to work, relying upon the promise of the foreman that at some future time he would protect the workmen from the obvious danger of missiles falling through between the open beams.

The present case distinguished from cases in which, while there is an apparent danger, to which the attention of the master has been called, the servant continues to work, in reliance upon the superior knowledge of the master and his assurance that there is no danger.

APPEAL by the plaintiff, Patrick Hannigan, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 16th day of November, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term, and also from an order entered in said clerk's office on the 2d day of December, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

The plaintiff was a hodcarrier in the employ of the defendant, and seeks in this action to recover damages for personal injuries received while so employed on a building in East Twenty-third street, which the defendant was reconstructing. The injury was caused by a piece of brick falling down between the floor beams, which were left uncovered and unprotected, and the negligence charged was in failing to provide a safe place for the plaintiff to work in. It was shown that the plaintiff, with other hodcarriers,

took his hod in from the street and hung it upon an elevator, called a ladder machine, which was worked by hand, other hodcarriers above taking the hods off and delivering the bricks and mortar to the masons working on the walls. According to the plaintiff's version of the accident he had carried in his hod, and was about to put it on the machine when he was struck with a brick. At that time he was about three or four feet from the elevator. As to the manner, cause and location of his injuries the plaintiff is sustained by other witnesses. It appears that the hod elevator went up between two beams in the floor above, upon which there was no flooring laid, except two planks above the elevator, the remainder of the floor consisting only of open beams, as was the case with the various floors overhead. The interior of the building had all been taken out. It was further shown that the defendant was frequently about the building, sometimes once a day and sometimes four times a week, but that he left in charge of the work as superintendent or foreman a man named White, who hired the men, had charge of the work, and gave the men orders what to do. Various complaints had been made to the latter that the place was insecure. The accident occurred on the 3d of September, 1892, and two days before, when the plaintiff called White's attention to the insecure condition of the place, the latter told him to go ahead, that he would have the flooring planked over and would make it all right. In giving further details of what occurred between the plaintiff and White, the former testified that White said he would have the scaffold men protect the place and have it done right away. Another laborer testified that he had spoken to the foreman in relation to the planking of these floors three or four times before the accident, and particularly complained to him on the very morning of the accident. Another witness who was employed on the work, and who made similar complaints to White, testified that the latter said that he would see to it right away. As the result of these promises the plaintiff went to work, although White never fulfilled the promises.

At the close of the plaintiff's case a motion was made to dismiss the complaint, which motion was granted, and it is from the judgment entered upon such dismissal, and from an order denying the motion for a new trial that this appeal is taken.

*Thomas P. Wickes,* for the appellant.

*James McKeen,* for the respondent.

O'BRIEN, J. :

Upon the evidence in this case it was for the jury to determine whether the defendant was guilty of negligence. The real question is whether the plaintiff was himself negligent, or whether he had presented facts from which the jury might infer that he was free from contributory negligence. That the place where the plaintiff was engaged at work was obviously dangerous is not disputed, for the plaintiff testified that he saw and knew it was dangerous and made complaint thereof, as did the other workman, to the foreman, and that it was only as the result of promises held out that the danger would be obviated by placing a protection over the beams, so as to prevent bricks or other articles from falling through, that the plaintiff continued to work. It thus appears that, with full knowledge of the danger, the plaintiff continued to work, relying upon the promises of the foreman that at some future time he would protect the workmen from the obvious danger of missiles falling through the open beams.

Were it not for the assurances of the foreman, it would be clear that the plaintiff, by continuing to work with knowledge of the danger, was guilty of contributory negligence; but this general rule, well established, it is insisted, is changed as the result of such assurances. To support this view we have been referred to many cases, the latest of which is that of *Siedentop* v. *Buse* (21 App. Div. 592), decided by this court, where a domestic, apprehensive that the ceiling of a bedroom would come down because it was badly cracked, complained to one of the defendants who told her that it was not dangerous; that it was all right, and would never come down. Subsequently a piece of the ceiling did fall upon her when she was asleep and injured her. In view of the assurances of the master, it was held that the servant was not chargeable with contributory negligence because she continued to sleep under the defective ceiling. A case similar in principle is that of *Daley* v. *Schaaf* (28 Hun, 314) where the servant, engaged with others in carrying bricks from the street, to deposit them in an elevator used to convey them to the fourth story of a building, where bricklayers

were at work, was struck and killed by some bricks which fell from above through the elevator shaft. Two of the workmen had undertaken to lay planks on the beams over their heads for the purpose of protecting themselves. After one had been laid, and while endeavoring to lay the second, the master interfered and ordered the men to desist, saying that they did not need it, it was all secure above, that there was no danger. It was therein held that "although the danger manifested itself, yet, after the risk had been exposed and the men were setting about to secure themselves, the employer required them to desist, and for the reason assigned * * * that all was secure above and there was no danger," the servant, in continuing to work under such circumstances, was not guilty of contributory negligence as matter of law. The rule is well expressed in that case in the following language : " When there is apparent danger in the calling or employment, and notwithstanding the exhibition of it by the facts and circumstances the employer assures the employee that there is no danger and an injury results, the most liberal rule that the employer can expect is to have the question of contributory negligence submitted to the jury."

There are many similar cases where a servant was ordered to work in a trench or excavation which it was the duty of the master to make reasonably safe, and with respect to which the servant thought there was danger, and for that reason objected to working in such a place, but continued to work on the assurances of the master that it was safe ; and in those cases it has been held that contributory negligence was a question of fact for the jury.

The distinction, however, between all these cases and the one at bar rests in the fact that, in the former, while there was an apparent danger to which the attention of the master was called, the servant continued to work, relying upon the superior knowledge of the master and his assurances that there was no danger. Here, however, the danger was not only apparent, but was as well known to the servant as to the master, as is shown by the fact that he had frequently called the latter's attention to it; yet he continued to work, relying upon the assurances, not that there was no danger or that it had been obviated, but that at some future time the foreman would furnish protection against danger. It, therefore, appears that with knowledge that this had not been done, and that the place was dan-

gerous, the servant continued to work. It will be found, upon an examination of the cases relied upon by the appellant, that none of them sustain the proposition that, with respect to a danger which the servant knows as well as the master, he is absolved from the charge of contributory negligence if he proceeds to ignore the danger, even though he does so on the assurances of the master that at some future time the defect will be repaired. If he proceeds with his work in the face of the obvious danger, and as a result is injured before it is remedied, he cannot be said to have been himself free from negligence.

In view of our conclusion upon this branch of the case it is unnecessary to discuss the exceptions taken to rulings upon evidence directed to proving that the master was guilty of negligence, for, as we have already intimated, a sufficient *prima facie* case upon that subject was made out. Exceptions to testimony brought out by the question of the learned trial justice tending to show that the plaintiff knew how the beams and planks were prior to the accident are unavailing, as we think such testimony was both competent and material. As we have pointed out, the plaintiff's knowledge of the condition of the flooring and beams overhead in the building was not immaterial, because he was directed to keep at work under the promise to make the place safe, and he continued to work relying upon such promise. This was quite different from the assurances given by the master in the cases relied upon that the place where the servant was working was secure, or had been made so.

The judgment should, therefore, be affirmed, with costs.

Van Brunt P. J. Barrett, Rumsey and Ingraham JJ., concurred.

Judgment affirmed, with costs.