WILLIS S. WATSON, Appellant, *v.* JOHN P. DUNCAN and STUART DUNCAN, Respondents.

*Negligence — use of an elevator likely to tip by one familiar with its construction, who does not examine it before doing so.*

When the owner of a building furnished with an elevator running from the base-ment to the sidewalk employs, in the removal of machinery from the basement, a person who is familiar with the construction of the elevator and knows that it is likely to tip owing to the failure of the chain to wind about the drum situ·ated at the bottom of the shaft, when the chain becomes slack or the drum out of plumb (which condition could be determined by inspection), such employee, upon undertaking to operate the elevator himself, is bound to examine the drum and chain before using it, and if, when he has failed to make such exami-nation, the elevator tips from the causes mentioned and he is injured, he can-not recover damages from the owner of the building.

· APPEAL by the plaintiff, Willis S. Watson, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Westchester on the 19th day of Octo-ber, 1899, upon the dismissal of the complaint by direction of the

court after a trial before the court and a jury at the Westchester Trial Term.

*Robert J. Mahon* [*John R. Farrar* with him on the brief], for the appellant.

*Lincoln McCormack* [*Thomas S. Ormiston* with him on the brief], for the respondents.

PER CURIAM:

This action is brought to recover damages for injuries arising out of the claimed negligence of the defendants. It appears from the testimony that the plaintiff was employed to remove some machinery from the sub-basement on defendants' premises, and it may be assumed that he was authorized to make use of the freight elevator which ran from the sidewalk to the floor of the basement. This elevator was the ordinary kind generally in use for such purposes throughout the city. The plaintiff was entirely familiar with its character and use, and had engaged in the construction of such elevators. Having prepared his machinery for removal, he placed it upon the platform of the elevator, and, getting thereon with his assistant, started the same, and when it had gone about twelve or fourteen feet it suddenly tipped, and the plaintiff was precipitated to the bottom of the shaft, receiving the injuries of which complaint is made.

Upon the testimony the jury would have been authorized to find that the occasion of the accident was the failure of the chain to wind about the drum situate at the bottom of the shaft, which failure was produced either by the chain becoming slack or on account of the drum being out of plumb, which caused the chain to leave the drum upon one side and wind about the shaft.

It appeared in the case that elevators of this character frequently tipped in their operation from the causes heretofore mentioned, and in their operation it was ordinarily the duty of the operator to make observation of the drum and chain before using the same. The mechanism of the elevator was extremely simple and thoroughly understood by the plaintiff, as well as was the danger in its operation. While the testimony is not entirely clear as to whether the drum

could be observed from the sidewalk, so as to determine whether it was in proper working order or not, yet it does clearly appear that it could be observed from the sub-basement, and the plaintiff might have determined whether the elevator was in safe condition for use. The plaintiff stated in his testimony: "I looked at the elevator to see if it was all there. I did not look to see if the chain was in position before I used it." As he was familiar with the elevator and its construction, and as he chose to operate the same himself, we think the obligation rested upon him to make an examination of the drum and chain before using the elevator; and, failing in this regard, he cannot be heard in complaint that it was not in proper working order. It is quite clear, we think, in view of the character of these elevators and the use to which they are put, that a servant of the defendant, possessed of the same information as the plaintiff had, in making use of them, if injured from the cause which operated in this case, could not successfully charge upon the master a breach of his obligation to him. As what happened was liable quite often to happen from the use of this appliance, we think that the obligation of the defendant to the plaintiff, under the circumstances of this case, was no higher than would be his obligation to a servant in his employ; and as the plaintiff possessed as complete a knowledge of the character of the appliance and of the dangers to be apprehended from its use, as had the defendants, we think the obligation rested upon him to make an examination of the appliance, and as he had opportunity and failed so to do, he cannot now be heard to say that the defendants did not fulfill all of the obligations they were under to him.

It follows, therefore, that the complaint was properly dismissed, and that the judgment entered thereon should be affirmed.

Judgment unanimously affirmed, with costs.