## McCARTHY v. WASHBURN.

(Supreme Court, Appellate Division, Second Department.  July 1, 1899.)

MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK.

> Plaintiff, who was working in defendant's sand pit, complained to defendant that the bank was liable to cave, and, defendant promising to brace it in a few days, he continued to work.  He had 25 years' experience working in sand banks, and it did not appear that he was in any danger of losing his job if he refused to work in the bank until it was braced. *Held*, that he assumed the risk.

Appeal from trial term, Orange county.

Action by John McCarthy against John T. Washburn.  From a judgment dismissing the complaint, plaintiff appeals.  Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frederick L. Taylor, for appellant.

Carroll Whitaker, for respondent.

WILLARD BARTLETT, J.  The plaintiff was injured when at work for the defendant in removing sand from a sand bank near the Ulster and Delaware Canal, in Ulster county.  While standing about 75 feet from the top, the bank caved in, and he was knocked down, and partly buried underneath the descending sand.  There was evidence which would have authorized the jury to find that the accident was due to the method which was adopted in this instance of taking out the sand.  When sand is obtained from a bank such as this was, the customary way of doing the work appears to be to keep the top back from the foot of the bank, and preserve a natural or terraced slope; whereas, in this case, the gravel and sod at the summit were permitted to overhang the base, and thus render the upper part of the bank liable to fall upon the men working below.  Plaintiff's employment at this place began on May 6, 1894, and lasted until the day of the accident, July 17, 1894.  He had worked in and about brickyards and upon railroads for upward of 30 years, and was thoroughly familiar with the kind of labor upon sand banks in which he was engaged at the time of the accident.  Two or three days before he was hurt he had a conversation with the defendant about the condition of the bank, saying that he was afraid of it, and was not going to work there any longer.  To this the defendant responded, in sub-

stance, that he would secure the bank in a day or two, and keep the gravel back, so that there would be no danger. According to the plaintiff's testimony, the defendant said: "I will secure the bank in a day or two, and I will warrant you that nothing will happen to you." Nothing seems to have been done by the defendant in fulfillment of this assurance. The plaintiff went on with his work, and was injured, as already stated.

At the close of the plaintiff's case, the learned trial judge dismissed the complaint, on the ground that the plaintiff assumed the obvious risk that the bank might cave in if the work should be continued in the manner in which it was carried on, and hence that he was guilty of contributory negligence in remaining at work there, which was not affected by the promise of the defendant to make the bank secure in the future, inasmuch as the plaintiff was well aware that he had not fulfilled his promise in this respect. We think that this disposition of the case was fully justified by the testimony of the plaintiff himself. He knew everything that the defendant knew about the danger. He also knew that the defendant had taken no measures to lessen or avert it. No sort of constraint was exercised upon him. He had worked 20 years for a firm of which the defendant was a member, and there is no suggestion that he would have been likely to lose his place if he had remonstrated more actively, or even declined to go on working at this particular sand bank in the condition in which it was. Under the circumstances, the plaintiff was subject to the rule which was applied in the case of Hannigan v. Smith, 28 App. Div. 176, 50 N. Y. Supp. 845, where a hod carrier was injured by the falling of a piece of brick between the unprotected floor beams of the building in which he was at work, relying, however, upon the promise of a foreman that he would have the beams planked over in a short time so as to protect the workmen from falling objects. In distinguishing that case from those in which a servant continues to work, trusting to the superior knowledge of the master and his assurance that there is no danger, the court said:

"Here, however, the danger was not only apparent, but was as well known to the servant as to the master, as is shown by the fact that he had frequently called the latter's attention to it; yet he continued to work, relying upon the assurances, not that there was no danger or that it had been obviated, but that at some future time the foreman would furnish protection against danger. * * * It will be found, upon an examination of the cases relied upon by the appellant, that none of them sustain the proposition that, with respect to a danger which the servant knows as well as the master, he is absolved from the charge of contributory negligence if he proceeds to ignore the danger, even though he does so on the assurances of the master that at some future time the defect will be repaired."

In the brief for the appellant it is suggested that the doctrine of the Hannigan Case does not apply to the facts of the case at bar, because the danger against which the defendant promised to secure the plaintiff did not exist at the time the promise was made, but was a peril which the plaintiff anticipated would arise in the future, as the process of excavation went on. The plaintiff's testimony, however, affords no support to this distinction. No doubt it is true that the further the plaintiff and his companions dug into the bank without re-

moving the top the greater was the liability that the bank would cave in; but the plaintiff distinctly testified, in several instances, that the bank was dangerous at the time when he called the defendant's attention to its condition.

In addition to the Hannigan Case, which, as we have seen, is hostile to his position, the only authority cited in behalf of the appellant is Hawley v. Railway Co., 82 N. Y. 370. There the plaintiff was a locomotive engineer, who was injured by an accident to his engine resulting from the bad condition of a portion of the defendant's railroad line over which he was expressly ordered to run, after being assured, by persons in authority over him, that the road would soon be repaired. In sustaining a recovery in his behalf, the court of appeals pointed out that it did not appear conclusively that he knew how badly the road was out of repair, or that the danger to which he exposed himself was imminent or very great. In the present case, however, the proof leaves no doubt that the plaintiff was as fully apprised as a man could be of the peril which he incurred by going on with his work in the sand bank.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.