(64 App. Div. 426.)

ROSA v. VOLKENING et al.

(Supreme Court, Appellate Division, Second Department. October 11, 1901.)

**1. INJURY TO SERVANT—NEGLIGENCE—FELLOW SERVANT.**

Where plaintiff, while employed in wheeling concrete at a building in process of construction, was injured by a derrick which was overloaded by fellow servants and toppled over, there being no defect in the derrick, the owner of the building is not liable.

**2. SAME—ASSUMPTION OF RISK.**

Where a derrick used at a building in process of construction is of the kind generally used for that purpose, and is not defective either in material or in the manner of erection and support, a laborer employed about the building assumes the risk incident to the use thereof by his fellow servants.

**3. SAME—DUTY OF EMPLOYER.**

The owners of a building in process of erection are not required to furnish the best or most modern appliances to the employés, nor to conduct their business in the most approved manner, but it is sufficient if they conduct it in a reasonably safe manner and in accordance with common custom.

Hirschberg and Jenks, JJ., dissenting.

Appeal from trial term, Queens county.

Action by Michael Rosa against Bertha Volkening and another. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Franklin Pierce, for appellant.

Albert E. Lamb, for respondents.

WOODWARD, J. The complaint sets forth a cause of action against the defendants for damages resulting from personal injuries sustained by the plaintiff by the falling of a derrick which was being used to elevate timbers for the construction of two buildings on Mills street, Astoria, Queens county. At the close of the plaintiff's evidence, a motion was made to dismiss the complaint, on the grounds that the plaintiff had failed to show that there was a partnership existing between the defendants, or that there were facts which would make either of them liable; that there was no evidence to show that the plaintiff was the employé of the defendants; that there was

no act proved by which either one of the defendants was shown to have contributed in any way to the injury of the plaintiff; and that the cause of the accident was the misconduct and the negligence of fellow servants. The motion was granted, and the plaintiff appeals from the judgment entered, and from the order denying a motion for a new trial.

It will be conceded that the plaintiff, having been nonsuited, is entitled to the benefit of every fact that the jury could have found from the evidence, and all the inferences warranted thereby; but we are of the opinion that this will not be of use to him on this appeal, as we are satisfied that he has failed to establish liability upon the part of the defendants, under any view of the evidence which the jury might properly take. It is extremely doubtful if the plaintiff has shown the defendants to have been connected with the building enterprise, but in the conclusion we have reached it is not necessary to determine this question. The accident through which the plaintiff claims was the result of the carelessness of a fellow servant, and, assuming the defendants to have been responsible for the hiring of the employés, there is no evidence under which they could be held liable. The allegation in the complaint is that on the occasion of the accident the plaintiff was in the employ of the defendants, in common with others, "engaged in wheeling dirt in and about a building erected by said" defendants, and that "at said time the said defendants owed to this plaintiff the duty of furnishing to him a safe place in which to work; that, in violation of said duty, the defendants negligently furnished to him an unsafe place in which to work, in that therein was a defective derrick used for the lifting of beams in the erection of said house as aforesaid; that said derrick was defective in that it was not supplied with sufficient guy ropes, and had defective stays, and was too light for the work for which it was being used, and was out of repair, and was incapable of handling the beams for the hoisting of which it was being used; and that, by reason of said defects and defendants' negligence, it rendered the place afforded by the defendants to the plaintiff in which to work an unsafe and dangerous place; and, by reason of the fact that the defendants did not furnish servants to give notice to the plaintiff when said derrick was to be used, the use of the same rendered said place dangerous; that, on the first day of October, 1898, at the place aforesaid, and while this plaintiff was in the employ of the defendants and performing his duties, and without any negligence upon his part, the said derrick gave way because of said defects and because of the defendants' said negligence, and the structure thereof fell upon said plaintiff, breaking his left leg," etc. The evidence establishes that the plaintiff was hired by one Phelan, who appears to have been the contractor in the construction of the building, and that the plaintiff was engaged in wheeling concrete from a dock near at hand to the building, and doing such other work in connection with the construction as he was directed to do by those in charge of the work. In the course of the erection of the building it was found necessary to use a derrick, which was used to hoist timbers into position, and in raising them into place it was necessary to give the timbers a forward movement at the same time that they were

being elevated. On the day of the accident, it appears that the laborers, in making use of the derrick, a crude, three-legged affair, with a drum operated by levers, made a hitch upon a piece of timber, fastening the rope or chain back a greater distance from the end than was usual, and in such a manner that the dragging of the timber forward threw an excessive weight upon the derrick, and it toppled over, falling upon the plaintiff, causing the injuries for which he seeks recovery. The derrick had been in use upon these premises some two or three weeks. The plaintiff had worked upon and around it, and any defects in its construction were as obvious to the plaintiff as to the defendants or to the employers, whoever they may have been. Watson v. Duncan, 46 App. Div. 298, 300, 61 N. Y. Supp. 667. The place furnished for the plaintiff to work was in and about the building which was being constructed, and it was not made dangerous by the presence of the derrick, but by the method of operating it; and solely on account of the manner of performing the work by fellow servants the accident happened, and happened in the course of the performance of the very kind and character of work which the plaintiff took the risk of by accepting employment. Yaw v. Whitmore, 37 App. Div. 98, 102, 55 N. Y. Supp. 1091, and authority there cited. The fact that the derrick which was used was too light to accomplish the work which was attempted to be done with it, or that it was not supplied with guy ropes, which it may now be seen would have prevented the accident, is not sufficient to charge the defendants with negligence. They were not required to furnish the best or most modern appliances to the employés, nor to conduct their business in the latest or most approved manner. It is sufficient if they conducted their business in a reasonably safe manner, and in accordance with common custom. Bell v. Power Co., 36 App. Div. 242, 246, 56 N. Y. Supp. 780.

The evidence shows that this derrick was one commonly used for hoisting materials in work of this general character. There was no evidence that any one had ever seen guy ropes used in connection with such a derrick, and there is no claim that the derrick broke down by reason of any of the alleged defects. It merely tipped over because the fellow employés of the plaintiff undertook to lift and move forward a stick of timber which was to heavy for the derrick. It was pulled over upon the plaintiff by the dragging weight which was put upon it, and none of the authorities sustains the contention that, with respect to a danger which the servant knows as well as the master, he is absolved from the charge of contributory negligence if he proceeds to ignore the danger, even though he does so upon the assurance of the master that at some future time the defect may be repaired. McCarthy v. Washburn, 42 App. Div. 252, 254, 58 N. Y. Supp. 1125; Watson v. Duncan, supra; Swain v. Asphalt Co., 57 App. Div. 56, 59, 68 N. Y. Supp. 50, and authorities there cited. This is not a case involving the use of complicated machinery. There was no inherent defect in the derrick, and its operation could be easily understood. The fact that it was not heavy enough to do all that might be demanded of it was as obvious to the plaintiff as to any one connected with the work. We think, under the rule recognized

in Spencer v. Worthington, 44 App. Div. 496, 499, 500, 60 N. Y. Supp. 873, that there can be no doubt that the plaintiff was properly non-suited.

The judgment and order appealed from should be affirmed, with costs.

GOODRICH, P. J., and SEWELL, J., concur. HIRSCHBERG and JENKS, JJ., dissent.