POSPISIL, Respondent, v. KANE et al., Appellants. (Supreme Court, Appellate Division, First Department. January 17, 1902.) Action by Antonia Pospisil, as administratrix, against Peter F. Kane and another. S. J. O'Hare, for appellants. P. Jones, for respondent. No opinion. Judgment affirmed, with costs.

POSPISIL v. KANE et al. (Supreme Court, Appellate Division, First Department. February 7, 1902.) Action by Antonia Pospisil against Peter F. Kane and another. No opinion. Motion denied, with $10 costs.

POTTER v. MORNING JOURNAL ASS'N. (Supreme Court, Appellate Division, First Department. February 14, 1902.) Action by Daniel G. Potter against the Morning Journal Association. No opinion. Motion denied.

PRAUSE, Appellant, v. NEW YORK, O. & W. R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by Theodore Prause against the New York, Ontario & Western Railroad Company. No opinion. Judgment and order affirmed, with costs.

PROFITTO v. CRIMMINS et al. (Supreme Court, Appellate Division, First Department. December 20, 1901.) Action by Vincenzo Profitto against Thomas E. Crimmins and another. No opinion. Motion to dismiss appeal granted, with $10 costs.

QUINN, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. December, 1901.) Action by Hugh Quinn against the Metropolitan Street Railway Company. G. Glenn Worden, for appellant. William J. Boyhan, for respondent.

SCOTT, J. The evidence of damage was wholly insufficient, and what evidence was introduced on that subject was improperly admitted. The plaintiff claimed for damages to his wagon and harness, as well as to himself. In his bill of particulars he stated the damage to his wagon at $100. He testified that the wagon was all broken up, by which we understand him to mean that it was so injured as to be worthless. His damage on this count, therefore, was the value of the wagon. He was allowed to testify that he paid $250 for it seven or eight years before, and that two months before the accident he had paid $25 for repairing it. But he did not testify what its value was at the time of the accident, and there is nothing in the evidence to fix the value at that time. As to the harness, he testified that it was worth $15 before the accident; and that two traces were broken in consequence of the accident; but it does not appear how much the value had thereby been depreciated, nor how much it would have cost to repair the harness. There was proof of what he paid to a physician for attending to his own hurts, but no proof as to whether the sum so paid was a reasonable and proper charge. These items, as to which there was no legal proof, being eliminated from the plaintiff's claim as contained in the bill of particulars, reduces that claim below the amount for which judgment was rendered. There was no evidence that plaintiff had been obliged to hire another wagon. Judgment must therefore be reversed, and a new trial granted, with costs to appellant to abide the event, unless plaintiff stipulates to reduce his recovery to $121.25, in which case the judgment, as so modified and reduced, will be affirmed, without costs. Judgment reversed, and new trial granted, with costs to appellant to abide event, unless plaintiff stipulates to reduce his recovery to $121.25, in which event the judgment, as modified and reduced, affirmed, without costs. All concur.

RAGETTE et al. v. ZIMMER et al. (Supreme Court, Appellate Division, First Department. February 21, 1902.) Action by Anton Ragette and others against Adam Zimmer and others. Judgment for plaintiffs, and defendants appeal. Reversed. Levin L. Brown, for appellants. Adolph C. Hottenroth, for respondents.

PER CURIAM. There having been no decision made by the court, the entry of the judgment in this case was entirely irregular. It might have been set aside upon a motion. Upon this appeal from the judgment, the judgment will be reversed, with costs to the appellants to abide the final event, and the case sent back to the court below for decision.

ROGERS, Respondent, v. HOLMES, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 21, 1902.) Action by Arthur Rogers against Henry Holmes. No opinion. Judgment and order affirmed, with costs.

ROMAN, Respondent, v. SHAFFER, Appellant. (Supreme Court, Appellate Division, Second Department. January 24, 1902.) Action by James D. Roman against Jacob H. Shaffer. No opinion. Judgment of the municipal court affirmed, with costs.

ROSA, Respondent, v. VOLKENING, Appellant, et al. (Supreme Court, Appellate Division, Second Department. January 30, 1902.) Action by Michael Rosa against Otto Volkening, impleaded with Bertha Volkening. No opinion. Order affirmed, with $10 costs and disbursements. See 72 N. Y. Supp. 236.

ROSE, Respondent, v. DURANT, Appellant. (Supreme Court, Appellate Division, First Department. January 24, 1902.) Action by Heloise D. Rose against William W. Durant. F. H. Smith, for appellant. C. S. Davison, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. See 61 N. Y. Supp. 15.

ROSENBLATT, Respondent, v. SMITH, Appellant. (Supreme Court, Appellate Term. October, 1901.) Action by Simon M. Rosenblatt against Harry Smith. John Goode, for appellant. E. E. Stubenvoll, for respondent.

GILDERSLEEVE, J. The action is to recover rent for the month of July, 1901, for the