### GOODSON v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. May 23, 1905.)

1. STREET RAILWAYS—USE OF TRACKS BY TEAMS.

> One driving upon the side of a street has a right to drive upon a street railway track in order to pass another vehicle standing between the curb and the track.
>
> [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 190–194.]

2. DAMAGES—PERSONAL INJURIES—PHYSICIAN'S CHARGES—REASONABLENESS.

> In an action for injuries, evidence of the amount charged plaintiff by his physician is incompetent in the absence of evidence that that amount was reasonable and proper.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Moses Goodson against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Modified.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

William E. Weaver, for appellant.
Samuel Heyman, for respondent.

PER CURIAM. The plaintiff was driving south upon the westerly side of Third avenue, and in order to pass a truck standing between the curb and the south-bound track of the defendant drove upon the car track, and had proceeded but a short distance thereon, when his wagon was struck by a south-bound car. He was thrown from the wagon, and received injuries for which the court gave him a judgment for the sum of $245. The plaintiff testifies that before entering upon the track he looked, but saw no approaching car; that he heard no bell, and received no warning of any kind until the car struck the wagon. The plaintiff was corroborated as to the direction in which he was going by one witness. The witnesses for the defense told an entirely different story. The mo-

torman and one other witness testified that the plaintiff drove from the north-bound track in a northwest direction, right in front of the car, at a time when it was about 20 feet distant, which, if true, would show that plaintiff was traveling in a direction opposite from that testified to by him and his witness. The court believed the plaintiff's witnesses, and disbelieved the defendant's, and so stated at the close of the trial. This is a right given to the court in such cases, and one with which this court should not lightly interfere in a case of this kind. Plaintiff had a right to go upon defendant's track under the circumstances disclosed, and there was no testimony showing him to be guilty of negligence. He was allowed, however, to testify what his attending physician "charged" for his services, but gave no proof that the amount so charged was reasonable or proper. This proof was objected to by defendant's counsel, and its admission was error. Quinn v. Met. St. Ry. Co., 36 Misc. 830, 74 N. Y. Supp. 1143. The judgment must therefore be reduced by that amount.

Judgment modified by reducing the recovery to $235, and, as modified, affirmed, with costs.