[Civ. No. 561. First Appellate District.—March 24, 1909.]

ELIZA RUPPEL, as Administratrix of Estate of CONRAD RUPPEL, Deceased, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO, a Corporation, Appellant.

NEGLIGENCE—ACTION FOR DEATH—COLLISION OF ELECTRIC CAR WITH WAGON OF DECEASED—UNDUE SPEED—INSUFFICIENT WARNING— QUESTION FOR JURY.—In action for death caused by the collision of defendant's electric car with the wagon of deceased, where there was evidence tending to show the undue speed of the car, and that no signal was given to the deceased to warn him against collision until the car was so near that it was too late to avoid a collision, it was for the jury to determine whether the motorman of the defendant was guilty of negligence which proximately caused the death.

ID.—CONTRIBUTORY NEGLIGENCE A QUESTION FOR JURY.—*Held*, that in view of all the circumstances of the case, and of testimony tending to negative contributory negligence of the deceased, the question of

his contributory negligence was one of fact for the determination of the jury, and that it cannot be said that it was not warranted in finding a verdict for the plaintiff.

ID.—SPECIAL ISSUES—FAILURE TO SUBMIT ISSUE AS TO SWERVING OF WAGON TOWARD TRACK.—Where special issues were submitted to the jury, on the issues of negligence and contributory negligence, and the court failed to submit a special issue requested by defendant as to whether plaintiff swerved toward the track before the car struck, based upon the motorman's testimony to that effect, although such testimony was a sufficient basis for the issue, yet it is held that even if the interrogatory had been submitted and answered affirmatively, it would not determine the contributory negligence of the plaintiff nor be inconsistent with the general verdict for plaintiff.

ID.—RIGHT OF JURY TO FIND FOR PLAINTIFF INCLUDING MOTORMAN'S TESTIMONY.—The jury had the right to find for the plaintiff, taking into consideration the testimony of the motorman that the wagon swerved toward the track. It might well conclude that it was the duty of the motorman to anticipate such swerving and to give sufficient warning of the approach of the car by ringing the bell; and that by running the car at undue speed, and failing to give any alarm other than at a crossing six hundred feet away, it failed to exercise ordinary care to avoid the collision, which was some evidence that deceased was not guilty of contributory negligence; and this court, in considering this question, is bound to assume that the jury took this view.

ID.—MOTORMAN'S TESTIMONY SHOWING FAILURE TO USE LAST CLEAR OPPORTUNITY TO AVOID INJURY.—The failure to submit the proposed issue even if "Yes" were assumed, cannot be deemed inconsistent with the general verdict, when the motorman's testimony shows that a good stop could be made in thirteen feet, and that he had twenty-six feet in which to make it, yet did not do so until the car had run eight feet after hitting the wagon, which shows that by the exercise of ordinary care the motorman could have avoided the accident, after discovering the peril of the deceased, having the last clear opportunity to do so; and therefore the company is liable, although the wagon veered toward the track as claimed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

Morrison & Cope, and Morrison, Cope & Brobeck, for Appellant.

Stafford & Stafford, and W. P. Caubu, for Respondent.

KERRIGAN, J.—This is an action by the plaintiff, as ad-
ministratrix of the estate of Conrad Ruppel, deceased, to re-
cover damages alleged to have been sustained by the heirs of
the deceased by reason of his death resulting from the negli-
gence of the defendant. This is the second appeal. At the
first trial defendant obtained a verdict. On motion of plain-
tiff the court granted a new trial on the ground that the
evidence did not support the verdict, and that it showed
negligence on the part of the defendant. The order was
sustained by this court. (*Ruppel* v. *United Railroads,* 1 Cal.
App. 666, [82 Pac. 1073].) The jury on the next trial re-
turned a verdict for the plaintiff, upon which verdict judg-
ment was entered against the defendant. This is an appeal
by the defendant from that judgment, and from an order
denying its motion for a new trial.

The defendant operates a line of street-cars by electric power
along Mission street in the city of San Francisco. It ap-
pears from the testimony that the deceased, Conrad Ruppel,
was driving a light one-horse wagon along the easterly side
of Mission street toward Silver avenue; that a car of the
defendant's line, traveling in the same direction, struck with
its right-hand step the left rear wheel of the wagon, and that
the deceased was thrown to the ground by the force of the
impact, and received injuries from which he died.

The defendant contends that there was no evidence of neg-
ligence on its part, or, if there was, that the evidence shows
that the deceased himself contributed to the accident to such
an extent as to preclude a recovery.

The evidence introduced on defendant's behalf is to the
effect that as the wagon was proceeding along Mission street
and parallel with the track, there was sufficient space be-
tween the wagon and the track for the car to pass the wagon
up to the time when the car was within a short distance
(twenty-six feet) of the wagon, when the horse and wagon
swerved in so as to bring the left hind wheel of the wagon
so near the track that it was struck by the right-hand step
of the car. There is also testimony tending to establish that
the motorman, immediately upon discovering the danger of a
collision, sounded an alarm, and endeavored to bring his car
to a stop; that there is a slight grade where the accident hap-

peneα. and that the motorman was unable to stop the car in time to prevent a collision.

Plaintiff introduced testimony tending to show that no timely warning was given the decedent of the approach of the car; that the motorman thought that the wagon was at a safe distance from the track, and omitted to give any warning signal until he was within ten or thirteen feet of the wagon, and permitted the car to run by the force of its acquired momentum so fast that when he discovered that the wagon could not be cleared it was impossible to avoid the accident.

There was testimony to the effect that the car was operated at an unlawful rate of speed, one witness testifying that it ran as fast as ten miles an hour. There was also testimony that the defendant failed to give the decedent a sufficient warning of the approach of the car by ringing the bell, or in any other way. On this phase of the case the motorman testified that he gave the bell an ordinary ring at Colton street, which was about six hundred feet from the place of the accident; that he rang it again and furiously when about twenty-six feet from Ruppel's wagon. The other witnesses in the case for the plaintiff testified that they heard no bell rung at Colton street, or after leaving there except the one which was immediately followed by the collision. The record shows that it was not until the last ringing of the bell that Ruppel gave any indication that he heard the warning. At that time he turned his head toward the left and promptly pulled his horse to the right and away from the track.

It was variously estimated by the witnesses that the car and wagon were separated ten, thirteen or twenty-six feet, at the time the last bell was rung.

It further appears from the testimony of the motorman himself that he saw the decedent at a point about six hundred feet away, and kept him under observation; that during all the time of the approach of the car deceased was proceeding parallel with the railroad track and about three feet from it; that when the car was about twenty-six feet from the wagon it swerved toward the track a few inches, and that that divergence was sufficient to render it impossible for the motorman to avoid striking it. The witness Stafford testified in this connection that from the time the wagon came into view

of those on the car it was so close to the track that the car
could not have passed it, without striking it and that it did
not, as testified to by the motorman, veer toward the track;
that the motorman thought there was sufficient space between
the wagon and the track to let the car pass, but that upon
approaching the wagon the motorman perceived his error,
whereupon he sounded the warning signal and applied the
brakes, at which time, however, the wagon being only about
ten feet ahead, the collision was inevitable.

The jury might well say that it was the duty of the motor-
man to anticipate that the horse and wagon might swerve to-
ward the track, and to give the decedent a sufficient warning
of the approach of his car by ringing the bell. It was also
for the jury to say whether or not, in permitting the car to
run "fast," "very fast," or "seven or eight miles an hour,"
or at an unlawful rate of speed, and not to have rung the
bell after leaving Colton street until within "ten," "thir-
teen," or "twenty-six" feet of the wagon, the motorman
was guilty of negligence, which proximately caused the in-
jury.

As to whether the decedent was guilty of contributory neg-
ligence was a question—like that of the negligence of the
defendant—for the determination of the jury. And considering
all the circumstances of the case—among others, that Stafford
testified that the deceased did not swerve in toward the track,
and that he had a right to rely upon receiving reasonable
warning, by the ringing of the bell, of the approach of the
car—we certainly cannot say that it abused its power in hold-
ing that the deceased was not guilty of contributory negli-
gence. (*Scott* v. *San Bernardino V. etc. Co.*, 152 Cal. 613,
[93 Pac. 677] ; *Driscoll* v. *Cater R. R. Co.*, 97 Cal. 567, [31
Am. St. Rep. 203, 32 Pac. 591].)

Defendant, under section 625, Code of Civil Procedure, re-
quested the court to submit to the jury thirteen special issues,
five only of which were submitted; and while the defendant
contends that each one offered should have been given as re-
quested, it insists more particularly that the refusal of the
court to give the eleventh was error.

We have examined all of the issues refused, and we think
that the eleventh is the only one calling for discussion. It
reads as follows: "Did the deceased change the direction in

which he was driving so as to swerve in towards the railroad track, and thereby bring his wagon into a position of danger?''

Respondent contends that this question is too general, as it does not refer to any particular time or place, and that therefore the court was right in refusing to submit it. We think however that this issue was not open to such objection. The motorman testified that when he was within twenty-six feet of the wagon it suddenly swerved toward and near the track, and that the accident was thereupon inevitable. This was the only testimony to that effect in the record, and it was clearly with reference to this testimony, which fixed the time and place, that the question was proposed, and upon which the defendant desired an answer from the jury.

But even if this interrogatory had been submitted to the jury, and answered in the affirmative, still we do not apprehend that it would have been a determination by them that the decedent was guilty of contributory negligence, and hence inconsistent with the general verdict in favor of plaintiff. The jury may have concluded that the motorman, in running his car at the rate of speed that he did, and in giving no alarm prior to the alleged swerving other than the one six hundred feet away, failed to exercise the usual precautions to avoid the collision, and that his failure to do so was some evidence that decedent did not fail to exercise ordinary care for his own safety; and in considering this point we are bound to assume that the jury took this view. (*Scott* v. *San Bernardino V. etc. Co.,* 152 Cal. 613, [93 Pac. 677]; *Meek* v. *Penn Co.,* 38 Ohio St. 632; Shearman & Redfield on the Law of Negligence, sec. 92, and cases cited; *Robinson* v. *Western Pacific R. R. Co.,* 48 Cal. 409.)

Furthermore, even if the question had been submitted to the jury, and they had answered, ''Yes,'' still we would be unable to say that such a conclusion is inconsistent with the general verdict, for, according to the testimony of the motorman himself, a good stop could be made in thirteen feet, and here he had twenty-six feet in which to stop, and yet he did not do so on this occasion until he had run eight feet after hitting the wagon. According to this testimony, by the exercise of proper care the motorman could have avoided the accident after discovering the peril of the decedent, and there-

fore the company is liable, although the wagon of deceased may have veered toward the track as claimed. The rule applicable to this phase of the case is stated thus in *Fox* v. *Oakland Cons. Ry. Co.,* 118 Cal. 55, [62 Am. St. Rep. 216, 50 Pac. 25]—that one having an opportunity, by the exercise of proper care, to avoid injuring another, must do so, notwithstanding that the latter has placed himself in a position of danger by his own negligence. (See, also, *Ezry* v. *Southern Pacific Co.,* 103 Cal. 541, [37 Pac. 500] ; *Lee* v. *Market St. Ry. Co.,* 135 Cal. 295, [67 Pac. 765].) It should be further said in this connection that the answer of the jury to one of the interrogatories submitted to them indicates quite clearly that they thought that the motorman had the last chance to avoid the accident, but failed to avail himself of it.

We have carefully examined the other points discussed in the briefs concerning the instructions of the court and the admission of testimony, but find no error in respect to them.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 22, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 20, 1909.