FIDELIA A. BURGOON AND ADELIA D. WHAYLÉN v. MARY J. WHITNEY, Appellant.

Descent and Distribution: WIDOWS SHARE: PRIOR CONVEYANCES. The interest of the widow in the real property of her deceased husband is limited by Code, section 3366, to one-third of that owned by him during coverture, and that conveyed to his children by a former wife prior to the second marriage cannot be treated as an advancement and taken into account in ascertaining the share of the widow.

*Appeal from Grundy District Court.*—HON. FRANKLIN C. PLATT, Judge.

MONDAY, JUNE 1, 1903.

ACTION by plaintiffs, as sole surviving heirs, against defendant, as surviving widow of A. B. Whitney, who died in 1900, to determine their respective interests in certain real estate of which said A. B. Whitney died seised. Decree for plaintiffs, from which defendant appeals.—*Affirmed.*

*Geo. W. Argo* and *S. W. De Wolf* for appellant.

*Boies & Boies* for appellees.

McCLAIN, J.—The defendant was the second wife of A. B. Whitney, and plaintiffs were his children by his first marriage. Before contracting the second marriage, Whitney conveyed real property to each of the plaintiffs, which the defendant claims was by way of advancement, and the defendant contends that by reason of these advancements she is entitled to a greater share in the real estate of which her husband died seised than she would otherwise have been entitled to; that is, she claims more than one-third of the real estate in controversy. It is difficult, however, to see how the fact of advancements made to plaintiffs by conveyance of real property prior to Whitney's marriage to defendant could in any way affect or enlarge defendant's share in the real property owned by her husband during their marriage. The interest of the surviving widow is determined by Code, section 3366, and is limited to one-third of the real property possessed by the husband during the marriage; and it would seem that defendant's interest in this case could not be larger than that thus provided for, whatever may have been the dis-

position of his property which her deceased husband made before the marriage. In deciding an analogous question as to whether the widow's interest in the personal property of her deceased husband was enlarged beyond the statutory third of the personal property of which he died possessed by reason of advancements of personal property made before his death to his children, it has been held that the interest of the widow is not affected by such advancements, inasmuch as her right is only to one third of the personal property owned by the husband at the time of his death, the personalty given to his children before his death not being taken into account. *In re Will of Miller,* 73 Iowa, 118. This decision was based on the construction of section 2459 of the Code of 1873, relating to the effect of advancements. It is contended for defendant that the language of the present Code (section 3383) relating to the same subject is different, and that under this section the interpretation for which Mr. Justice Adams contended in his dissenting opinion in the case just cited should be adopted. But we cannot see that the slight change in language indicates any intention to introduce a new rule. No such intention is indicated by the code commissioners in their report, and the section was adopted by the legislature as reported by the commission. But, whatever might be thought to be the effect of any change of language with reference to the distribution of personal property, there seems to be no reasonable ground for contending that the widow shall take more than one third of the real property owned by her husband during coverture.

The decree of the lower court is AFFIRMED.