# WILLIAM ACTON v. FARGO & MOORHEAD STREET RAIL- WAY COMPANY.

(129 N. W. 225.)

**Verdict — Sufficiency of Evidence — Appeal and Error.**

1. Where, as in this case, the verdict is supported by substantial evidence and the trial court has declined to disturb such verdict when challenged for alleged insufficiency of the evidence, such ruling will not be reversed in this court.

**Street Railways — Rights — Duty and Rights of Other Users of Streets.**

2. A traveler passing along a city street has a right to use every part of it, regardless of whether there is a street car track in it or not. In view of the inability of the cars to leave their tracks, it is the duty of free vehicles not to obstruct them, unnecessarily, and to turn to one side when they meet them; but, subject to that, and to the respective powers of the two, a car and a wagon owe reciprocal duties to use reasonable care on each side to avoid a collision.

**Street Railways — Rights in Streets.**

3. Street cars have precedence, necessarily, in the portion of the way designated for their use. This superior right must be exercised, however, with proper caution and a due regard for the rights of others; and the fact that it

---

Note.—The statement in the preceding case, that a traveler is entitled to use every part of the street, and that street car companies have no exclusive right to the use of their tracks, but only a paramount right, is in harmony with the other authorities, as shown by a review thereof in 25 L.R.A. 508, on the subject of street car collisions with vehicles or horses, in which both the liability of the street railway company and the contributory negligence of the person injured are considered. The doctrine of last clear chance, which is also involved in ACTON v. FARGO & M. STREET R. Co. is treated in an elaborate note in 55 L.R.A. 418, and various phases of the doctrine are also considered in later notes in 7 L.R.A.(N.S.) 132, 17 L.R.A.(N.S.) 707, and 19 L.R.A. (N.S.) 446.

has a prescribed route does not alter the duty of a street railway company to the public, who have the right to travel upon its track until they are overtaken by its cars.

**Street Railways — Instructions — Collision with Vehicles — Contributory Negligence.**

4. The court charged the jury as follows: "I charge you, gentlemen of the jury, as a matter of law, that even if you find from a preponderance of the evidence that the plaintiff in this action was guilty of contributory negligence in going upon the defendant's track, under all the circumstances of the case, that nevertheless, if the defendant or its employees in charge of the car were aware, or should by the exercise of reasonable diligence and care have become aware, of the dangerous position of the plaintiff, in time to have, by the exercise of reasonable diligence and care, avoided the collision with the buggy of the plaintiff, that the prior negligence of the plaintiff would not bar his right to recover in this action." This instruction states the law correctly.

**Street Railways — Negligence — Discovered Peril — Collision.**

5. The ground upon which plaintiff may recover, notwithstanding his own negligence, is that the defendant, after becoming aware of the danger to which plaintiff was exposed, failed to use a proper degree of care to avoid injuring him.

**Street Railways — Rights in Streets — Care of Drivers of Other Vehicles.**

6. It is not necessarily negligent to drive a vehicle along a street railway track in the direction in which cars travel upon the track, nor in the direction from which the cars will approach. But when so driving the driver should keep a lookout for cars approaching in the opposite direction, and he should use reasonable diligence to ascertain the approach of cars from the rear, but he is not, as a matter of law, required to keep a constant watch to the rear to discover approaching cars.

**Negligence — Contributory Negligence — Last Clear Opportunity.**

7. Unless the negligence of the plaintiff proximately contributes to the injury, it does not constitute contributory negligence which bars a recovery. The party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible for it.

**Street Railways — Use of Streets — Collision — Negligence — Reasonable Diligence to Avoid Accidents.**

8. While it is the duty of vehicles moving along street railway tracks to leave the tracks on the approach of cars so as not to obstruct their passage, still those in charge of cars must use reasonable diligence to prevent collisions, and the company is liable for injury resulting from their failure to do so.

**Street Railways — Care Required — Anticipation that Other Vehicles Will Leave Track.**

9. Where a street car is approaching from the rear a vehicle moving along

the track, the person operating the car has not the right to proceed without regard to the presence of the vehicle, in anticipation that the vehicle will leave the track in time to give free passage to the car.

**Street Railways — Use of Streets — Trolley Car — Approaching Another Vehicle.**

10. In the case of a trolley car approaching another vehicle directly in a line with its progress, and a possible obstacle in the way, a proper regard for the rights of others requires that the car be reduced to such control that it may be brought to a standstill if necessary.

**Street Railways — Collisions — Ordinary Care — Contributory Negligence.**

11. A street railway company is liable for injuries sustained by a collision between a vehicle and a car, where the employees in charge of the car, by the exercise of ordinary care, could have avoided the accident, notwithstanding the negligence of the driver in the first instance in placing himself in a situation of peril.

**Street Railways — Motormen Must Give Warning.**

12. Such timely and reasonable warning of the approach of a street car must be given as will enable others in the exercise of due care to avoid injury from it.

**Street Railways — Collision — Contributory Negligence — Duty of Motormen on Discovery of Danger — Question for Jury.**

13. If those in charge of a street car discover, or should by the exercise of ordinary care have discovered, plaintiff's peril, while driving a wagon on the track in time to have avoided a collision, and did not do so, plaintiff's negligence in failing to look back for an approaching car would not preclude his recovery. Whether defendant's motorman in charge of a street car which collided with plaintiff's vehicle made proper efforts to avoid the collision if he saw, or by the exercise of ordinary care could have seen, plaintiff's peril, *held* under the facts to be for the jury.

**Street Railways — Injury to Other Vehicles — Right to Presume Due Care.**

14. One driving along the street railway track in daylight has the right to suppose that if a car is approaching from the rear a proper lookout is maintained, and that ordinary care will be exercised to avoid injuring him.

**Damages — Excessive Amount.**

15. The jury awarded plaintiff $2,450 damages, without interest. *Held*, not excessive.

**Instructions — Trial — Verdict.**

16. An instruction to the jury that the answers to the separate questions must be of such a nature that they will fully support the general verdict, *held*, not error.

**Instructions — Prejudice — Harmless Error.**

17. The jury having found that the motorman of defendant did not exercise ordinary care and reasonable diligence in stopping his car and preventing the accident after he saw, or might in the exercise of reasonable diligence have seen, that plaintiff was in a position of danger, for reasons stated in the opinion the appellant was not prejudiced by the instructions complained of.

**Instructions — Harmless Error.**

18. A judgment will not be reversed because of an erroneous instruction, when it affirmatively appears from answers to interrogatories, that such instruction did not influence the jury in reaching its verdict.

**Instruction — Refusal — Care Required of Motorman — Appeal and Error.**

19. The court refused to charge the jury that, though the motorman saw the plaintiff driving along, and on the track, and (if he was driving thereon) he had a right to assume that the plaintiff would exercise ordinary care to observe the approach of the car, and would get out of danger before the car would reach him, and that the motorman is not required to check his car (if said car is running at an ordinary rate of speed) until he has reasonable cause to believe that there is actual danger of a collision, *held*, not error, under the circumstances of this case.

**Verdict — Special Findings — Conflict with General Verdict.**

20. The special findings made by the jury are sufficient to sustain the general verdict. If the questions not answered, or where the answers are not proved, were all answered favorably to appellant, the general verdict would still be consistent with the special findings.

Opinion filed September 24, 1910.

Rehearing denied December 30, 1910.

Appeal from District Court, Cass county; *Pollock,* J.

Action by William Acton against Fargo & Moorhead Street Railway Company. From an order denying defendant's motion for judgment notwithstanding the verdict, or for a new trial, and from the judgment, defendant appeals.

Affirmed.

*Stambaugh & Fowler,* attorneys for appellant.

One traveling by night on a railway track must watch for approaching cars. Adolph v. Central Park, N. & E. River R. Co. 76 N. Y. 532; North Hudson County R. Co. v. Isley, 49 N. J. L. 468, 10 Atl. 665; Wood v. Detroit City R. Co. 52 Mich. 402, 50 Am. Rep. 259, 18 N. W. 124; Missouri P. R. Co. v. Moseley, 6 C. C. A. 641, 12 U. S. App. 601, 57 Fed. 921; Mynning v. Detroit, L. & N. R.

Co. 59 Mich. 257, 26 N. W. 514; Robards v. Indianapolis Street R.
Co. 32 Ind. App. 297, 66 N. E. 66, 67 N. E. 953; Everett v. Los
Angeles Consol. Electric R. Co. 115 Cal. 105, 34 L.R.A. 350, 46
Pac. 889, 43 Pac. 207; Carson v. Federal Street & P. Valley R. Co.
147 Pa. 219, 15 L.R.A. 257, 30 Am. St. Rep. 727, 23 Atl. 369; But-
ler v. Rockland, T. & C. Street R. Co. 99 Me. 149, 105 Am. St. Rep.
267, 58 Atl. 775; Green v. Los Angeles Terminal R. Co. 143 Cal.
31, 101 Am. St. Rep. 68, 76 Pac. 724; Tesch v. Milwaukee Electric
R. & Light Co. 108 Wis. 593, 53 L.R.A. 618, 84 N. W. 823; Rider
v. Syracuse Rapid Transit R. Co. 171 N. Y. 139, 58 L.R.A. 125,
63 N. E. 836; Holwerson v. St. Louis & Suburban R. Co. 157 Mo.
216, 50 L.R.A. 850, 57 S. W. 770; Cawley v. LaCrosse City R. Co.
101 Wis. 145, 77 N. W. 179, 106 Wis. 239, 82 N. W. 197; Marko-
witz v. Metropolitan Street R. Co. 186 Mo. 350, 69 L.R.A. 389, 85
S. W. 351; Bogan v. Carolina C. R. Co. 55 L.R.A. 418, and cases
cited in note, 129 N. C. 154, 39 S. E. 808.

To warrant the application of the "last clear chance," plaintiff's
negligence must continue up to and contribute to the injury. 2 Am.
& Eng. Enc. Law, 2d ed. Supp. p. 64; Dyerson v. Union P. R. Co.
74 Kan. 528, 7 L.R.A.(N.S.) 133, 87 Pac. 680, 11 A. & E. Ann.
Cas. 207; Everett v. Los Angeles Consol. Electric R. Co. 115 Cal.
105, 34 L.R.A. 350, 46 Pac. 889, 43 Pac. 207; Rider v. Syracuse
Rapid Transit R. Co. 171 N. Y. 139, 58 L.R.A. 127, 63 N. E. 836;
Holwerson v. St. Louis & Suburban R. Co. 157 Mo. 216, 50 L.R.A.
850, 57 S. W. 770; Tesch v. Milwaukee Electric R. & Light Co. 108
Wis. 593, 53 L.R.A. 618, 84 N. W. 823; Robards v. Indianapolis
Street R. Co. 32 Ind. App. 297, 66 N. E. 66, 67 N. E. 953; Green
v. Los Angeles Terminal R. Co. 143 Cal. 31, 101 Am. St. Rep. 68,
76 Pac. 724; Vizaccheroo v. Rhode Island Co. 26 R. I. 392, 69
L.R.A. 191, 59 Atl. 105; State use of Meidling v. United R. & Elec-
tric Co. 97 Md. 73, 54 Atl. 612; Wood v. Detroit City Street R.
Co. 52 Mich. 402, 50 Am. Rep. 259, 18 N. W. 124; Hot Springs
Street R. Co. v. Johnson, 64 Ark. 420, 42 S. W. 833; Cullen v. Bal-
timore & P. R. Co. 8 App. D. C. 69. See note to Gahagan v. Bos-
ton & M. R. Co. 55 L.R.A. 434; Smith v. Norfolk & S. R. Co. 114
N. C. 728, 25 L.R.A. 287, 19 S. E. 863, 923; Texas & P. R. Co.
v. Staggs, — Tex. Civ. App. —, 37 S. W. 609; Austin Dam & Su-
burban R. Co. v. Goldstein, 18 Tex. Civ. App. 704, 45 S. W. 600.

If the findings are inconsistent with the general verdict, judg-

ment cannot be rendered, and a new trial must be ordered. Dickerson v. Waldo, 13 Okla. 189, 74 Pac. 505; Atchison, T. & S. F. R. Co. v. Hamlin, 67 Kan. 476, 73 Pac. 58; Healey v. New York, N. H. & H. R. Co. 20 R. I. 136, 37 Atl. 676; Gwin v. Gwin, 5 Idaho, 271, 48 Pac. 295; Sloss v. Allman, 64 Cal. 47, 30 Pac. 574.

Error to instruct jury after arguments, to make special findings conform to general verdict. Coffeyville Vitrified Brick Co. v. Zimmerman, 61 Kan. 750, 60 Pac. 1064; Kilpatrick-Koch Dry-Goods Co. v. Kahn, 53 Kan. 274, 36 Pac. 327; Special verdicts. Mechanics' Bank v. Barnes, 86 Mich. 632, 49 N. W. 475; Cole v. Boyd, 47 Mich. 98, 10 N. W. 124; Ryan v. Rockford Ins. Co. 77 Wis. 611, 46 N. W. 885; Des Moines & D. Land & Tree Co. v. Polk County Homestead & T. Co. 82 Iowa, 663, 45 N. W. 773.

*Barnett & Richardson,* for respondent.

That a street car drives upon a vehicle ahead of it is of itself proof of negligence. 2 Thomp. Neg. 76; Conway v. New Orleans City & Lake R. Co. 51 La. Ann. 146, 24 So. 780; Indianapolis Street R. Co. v. Darnell, 32 Ind. App. 687, 68 N. E. 609; Floyd v. Paducah R. & Light Co. 23 Ky. L. Rep. 1077, 64 S. W. 653; Richmond Pass. & Power Co. v. Allen, 103 Va. 532, 49 S. E. 656; Greene v. Louisville R. Co. 119 Ky. 862, 84 S. W. 1154, 7 A. & E. Ann. Cas. 1126; Schilling v. Metropolitan Street R. Co. 47 App. Div. 500, 62 N. Y. Supp. 403; Moritz v. St. Louis Transit Co. 102 Mo. App. 657, 77 S. W. 477; United R. & Electric Co. v. Cloman, 107 Md. 681, 69 Atl. 379.

A street railway company has no superior rights on the highway. Citizens' Street R. Co. v. Hamer, 29 Ind. App. 426, 62 N. E. 658, 63 N. E. 778; Barry v. Burlington R. & Light Co. 119 Iowa, 62, 93 N. W. 68, 95 N. W. 229; Shea v. St. Paul City R. Co. 50 Minn. 395, 52 N. W. 902; Watson v. Minneapolis Street R. Co. 53 Minn. 551, 55 N. W. 742; Mertz v. Detroit Electric R. Co. 125 Mich. 11, 83 N. W. 1036; Rascher v. East Detroit & G. P. R. Co. 90 Mich. 413, 30 Am. St. Rep. 447, 51 N. W. 463; La Pontney v. Shedden Cartage Co. 116 Mich. 514, 74 N. W. 712; White v. Worcester Consol. Street R. Co. 167 Mass. 43, 44 N. E. 1052; Indiana Union Traction Co. v. Pheanis, 43 Ind. App. 653, 85 N. E. 1040; Swain

v. Fourteenth Street R. Co. 93 Cal. 179, 28 Pac. 829; Will v. West
Side R. Co. 84 Wis. 42, 54 N. W. 30.

To travel on a street railway track 60 or 70 feet is not of itself
negligence.   Wilkins v. Omaha & C. B. R. & Bridge Co. 96 Iowa,
668, 65 N. W. 987; Bensiek v. St. Louis Transit Co. 125 Mo. App.
121, 102 S. W. 587; Cohen v. Metropolitan Street R. Co. 34 Misc.
186, 68 N. Y. Supp. 830; Fishbach v. Steinway R. Co. 11 App. Div.
152, 42 N. Y. Supp. 883; Schilling v. Metropolitan Street R. Co.
47 App. Div. 500, 62 N. Y. Supp. 403; Memphis Street R. Co. v.
Haynes, 112 Tenn. 712, 81 S. W. 374; Noll v. St. Louis Transit
Co. 100 Mo. App. 367, 73 S. W. 907; American Storage & Moving
Co. v. St. Louis Transit Co. 120 Mo. App. 410, 97 S. W. 184; Ball
v. Camden & T. R. Co. 76 N. J. L. 539, 72 Atl. 76; Consolidated
Traction Co. v. Haight, 59 N. J. L. 577, 37 Atl. 135; Zolpher v.
Camden & Suburban R. Co. 69 N. J. L. 417, 55 Atl. 249; Geoghegan
v. Union R. Co. 122 App. Div. 646, 107 N. Y. Supp. 503; Hot
Springs Street R. Co. v. Hildreth, 72 Ark. 572, 82 S. W. 245; Ab-
lard v. Detroit United R. Co. 139 Mich. 248, 102 N. W. 741; Vin-
cent v. Norton & T. Street R. Co. 180 Mass. 104, 61 N. E. 822;
Benjamin v. Holyoke Street R. Co. 160 Mass. 3, 39 Am. St. Rep.
446, 35 N. E. 95; Funck v. Metropolitan Street R. Co. 133 Mo. App.
419, 113 S. W. 694; Mayes v. Metropolitan Street R. Co. 121 Mo.
App. 614, 97 S. W. 612; Muller v. New York City R. Co. 51 Misc.
640, 101 N. Y. Supp. 98; Blakeslee v. Consolidated Street R. Co.
112 Mich. 63, 70 N. W. 408.

A traveler on a street car track may presume a proper lookout and
warning from an approaching car.   Indianapolis Street R. Co. v.
Marschke, 166 Ind. 490, 77 N. E. 945; American Storage & Mov-
ing Co. v. St. Louis Transit Co. 120 Mo. App. 410, 97 S. W. 184;
Cohen v. Metropolitan Street R. Co. 34 Misc. 186, 68 N. Y. Supp.
830; Greene v. Louisville R. Co. 119 Ky. 862, 84 S. W. 1154, 7 A.
& E. Ann. Cas. 1126; Memphis Street R. Co. v. Haynes, 112 Tenn.
712, 81 S. W. 374; 2 Thomp. Neg. 1448; Ablard v. Detroit United
R. Co. 139 Mich. 248, 102 N. W. 741; Stanley v. Cedar Rapids &
M. City R. Co. 119 Iowa, 526, 93 N. W. 489; Vincent v. Norton &
T. Street R. Co. 180 Mass. 104, 61 N. E. 822; Benjamin v. Hol-
yoke Street R. Co. 160 Mass. 3, 39 Am. St. Rep. 446, 35 N. E. 95.

There is no presumption in favor of special findings, but there is every presumption in favor of a general verdict. Jeffersonville v. Gray, 165 Ind. 26, 74 N. E. 611; 20 Enc. Pl. & Pr. pp. 338, 353, 367; Mares v. Northern P. R. Co. 3 Dak. 336, 21 N. W. 5.

If there is any construction of a special finding that sustains the general verdict, it will be adopted. Grant v. Spokane Traction Co. 47 Wash. 112, 91 Pac. 553; Osburn v. Atchison, T. & S. F. R. Co. 75 Kan. 746, 90 Pac. 289; Ft. Wayne Cooperage Co. v. Page, — Ind. App. —, 82 N. E. 83; Wendel v. Cleveland, C. C. & St. L. R. Co. 41 Ind. App. 460, 82 N. E. 469; Samson v. Zimmerman, 73 Kan. 654, 85 Pac. 757; Chicago & E. R. Co. v. Lawrence, 169 Ind. 319, 79 N. E. 363, 82 N. E. 768.

Contributory negligence is no defense, if defendant discovers or ought to discover the peril in time to avert it. Harrington v. Los Angeles R. Co. 140 Cal. 514, 63 L.R.A. 238, 98 Am. St. Rep. 85, 74 Pac. 15; Thompson v. Salt Lake Rapid Transit Co. 16 Utah, 281, 40 L.R.A. 172, 67 Am. St. Rep. 621, 52 Pac. 92; Baltimore Consol. R. Co. v. Rifcowitz, 89 Md. 338, 43 Atl. 762; Hart v. Cedar Rapids & M. City R. Co. 109 Iowa, 631, 80 N. W. 662; Remillard v. Sioux City Traction Co. 138 Iowa, 565, 115 N. W. 900; Ramsey v. Cedar Rapids & M. C. R. Co. 135 Iowa, 329, 112 N. W. 798; Jett v. General Electric R. Co. 178 Mo. 664, 77 S. W. 738; St. Louis, B. & M. R. Co. v. Droddy, — Tex. Civ. App. —, 114 S. W. 902; Murray v. St. Louis Transit Co. 108 Mo. App. 501, 83 S. W. 995; Wichita R. & Light Co. v. Liebhart, 80 Kan. 91, 101 Pac. 457; Ruppel v. United R. Co. 10 Cal. App. 319, 101 Pac. 803; St. Louis Southwestern R. Co. v. Thompson, 89 Ark. 496, 117 S. W. 541; 2 Thomp. Neg. 1476.

Motorman cannot anticipate that a vehicle ahead of him will get out of the way. Mertz v. Detroit Electric R. Co. 125 Mich. 11, 83 N. W. 1036; Manor v. Bay Cities Consol. R. Co. 118 Mich. 1, 76 N. W. 139; Prendenville v. St. Louis Transit Co. 128 Mo. App. 596, 107 S. W. 453; Greene v. Louisville R. Co. 119 Ky. 862, 84 S. W. 1154, 7 A. & E. Ann. Cas. 1126.

Motorman's negligence was the proximate cause and plaintiff's the remote cause, and therefore not concurrent. Central R. Co. v. Foshee, 125 Ala. 199, 27 So. 1006; Randle v. Birmingham R. Light

& P. Co. 158 Ala. 532, 48 So. 114; Pilmer v. Boise Traction Co.
14 Idaho, 327, 15 L.R.A.(N.S.) 254, 125 Am. St. Rep. 161, 94
Pac. 433; Bensiek v. St. Louis Transit Co. 125 Mo. App. 121, 102
S. W. 587; Trigg v. Water, Light & Transit Co. 215 Mo. 521, 20
L.R.A.(N.S.) 987, 114 S. W. 972; Thompson v. Salt Lake Rapid
Transit Co. 16 Utah, 281, 40 L.R.A. 172, 67 Am. St. Rep. 621,
52 Pac. 92; Murray v. St. Louis Transit Co. 108 Mo. App. 501, 83
S. W. 995; Dey v. United R. Co. 140 Mo. App. 461, 120 S. W.
134; Bourrett v. Chicago & N. W. R. C. Co. — Iowa, —, — L.R.A.
(N.S.) —, 121 N. W. 380; Wenninger v. Lincoln Traction Co. 84
Neb. 385, 121 N. W. 237; Citizens' Street R. Co. v. Hamer, 29 Ind.
App. 426, 62 N. E. 658, 63 N. E. 778; 1 Thomp. Neg. 177.

Where special findings show that the jury were not misled, in-
structions, even if erroneous, are not error.    20 Enc. Pl. & Pr. pp.
302–304; Kansas City, Ft. S. & M. R. Co. v. Chamberlain, 61 Kan.
859, 60 Pac. 15; Blackwell v. O'Gorman Co. 22 R. I. 638, 49 Atl.
28; Porter v. Waltz, 108 Ind. 40, 8 N. E. 705; Cleveland, C. C. &
I. R. Co. v. Newell, 104 Ind. 264, 54 Am. Rep. 312, 3 N. E. 836;
Andrews v. Mundy, 36 W. Va. 22, 14 S. E. 414; Davis v. Guarnieri,
45 Ohio St. 470, 4 Am. St. Rep. 548, 15 N. E. 350; Fisk v. Chi-
cago, M. & St. P. R. Co. 83 Iowa, 253, 48 N. W. 1081; Wright v.
Mulvaney, 78 Wis. 89, 9 L.R.A. 807, 23 Am. St. Rep. 393, 46 N.
W. 1045; Knowlton v. Milwaukee City R. Co. 59 Wis. 278, 18 N.
W. 17.

CARMODY, J. This is an action for damages for personal injuries
inflicted · upon plaintiff by one of defendant's street cars on October
15, 1907. A trial was had in the district court, and a verdict ren-
dered in favor of the plaintiff. Thereafter the defendant moved for
judgment notwithstanding the verdict, or for a new trial, both of
which motions were denied, and judgment entered on the verdict.
From the order denying such motions, and from the judgment, de-
fendant appeals to this court. The appellant is the owner of a street
railway system in the city of Fargo. A portion of its track is laid upon
Broadway, which runs north and south. On the day of the accident,
the respondent was driving north on the west side of appellant's track,
on Broadway. He was driving a double team of work horses attached

to a single buggy, without any top. He started to drive north from a point located on the west side of Broadway, about midway between First and Second avenues. Before starting north, he looked south but saw no car. He drove north on the west side of the track, at a distance of about 5 or 6 feet from the track, until he reached a point a little north of the center of the block between Third and Fourth avenues, and 60 or 70 feet south of where he was struck. At this point he noticed a team facing him, standing on the west side of the track, attached to a heavy lumber wagon, at a distance of about 6 feet from the west rail of the track. When he saw this team, he looked back over his shoulder for a distance of about 100 feet, and then drove upon the track so that his buggy was astride the west rail. He drove in this position, without looking back for an approaching car, until he reached the point where this team was standing, when he was struck by a car approaching from the rear, and was thrown from his buggy. Just prior to the accident, plaintiff's team was traveling 3 miles per hour, while appellant's car was traveling about 8 miles per hour. The motorman sounded the gong, and respondent heard the sound just about the time he was struck by the car. The accident happened at about 11 o'clock in the morning. It is undisputed that there is a clear view of the place of the accident for several hundred feet south. The car in question, under conditions similar to those at bar, could be stopped in between 20 and 25 feet. The car was stopped between 20 and 30 feet north of the point of the accident.

In addition to the general verdict, the court submitted thirty-seven questions to the jury. Appellant assigns eighteen errors, which are divided into four subdivisions: (1) The evidence fails to show that the defendant was guilty of negligence. (2) The evidence shows that the plaintiff was guilty of such contributory negligence as to prevent his recovery. (3) The damages are so excessive as to appear to have been given under the influence of passion and prejudice. (4) Errors in law occurring at the trial.

We will take up these propositions in the order advanced in the argument of appellant. The jury found a general verdict in favor of the plaintiff, and in addition thereto found that the defendant was guilty of negligence under the law as laid down by the court; that the motorman did not exercise ordinary care and reasonable diligence in

stopping his car, and preventing the accident after he saw, or might in the exercise of reasonable diligence have seen, that plaintiff was in a position of danger; that the gong was sounded by the motorman as he approached the point where the accident occurred; that it was not proved as to what distance before the accident he sounded the gong. The jury did not answer the questions as to how far from the point where the accident occurred that the motorman turned the reverse and set the brakes, nor the question how far from the point where the accident occurred did the reversing of the brakes actually begin to take effect. The jury found that the car ran north of the point where the collision occurred from 20 to 30 feet before it came to a stop; that just before the accident the car was running 8 miles per hour; and that the plaintiff was driving at the rate of 3 miles per hour. The first contention of appellant that the evidence fails to show that the defendant was guilty of negligence must be overruled. The jury found in favor of the plaintiff in a general verdict, and found by the special findings that the defendant was guilty of negligence. The defendant having moved for a new trial, or for judgment notwithstanding the verdict on the ground, among others, of the insufficiency of the evidence to justify the verdict, and the trial court having denied such motion, if the verdict is supported by substantial evidence, then it must stand. Taylor v. Jones, 3 N. D. 235, 55 N. W. 593; Black v. Walker, 7 N. D. 414, 75 N. W. 787; Muri v. White, 8 N. D. 58, 76 N. W. 503; Howland v. Ink, 8 N. D. 63, 76 N. W. 992; Becker v. Duncan, 8 N. D. 600, 80 N. W. 762; Heyrock v. McKenzie, 8 N. D. 601, 80 N. W. 762; Magnusson v. Linwell, 9 N. D. 157, 82 N. W. 743; Flath v. Casselman, 10 N. D. 419, 87 N. W. 988; Drinkall v. Movius State Bank, 11 N. D. 10, 57 L.R.A. 341, 95 Am. St. Rep. 693, 88 N. W. 724; Lang v. Bailes, 19 N. D. 582, 125 N. W. 891.

Under the doctrine laid down by this court in the cases herein cited, an examination of the evidence convinces us that there is substantial evidence to support the verdict, and the learned trial court did not abuse its discretion in denying the motion for a new trial or for judgment notwithstanding the verdict, on the ground of the insufficiency of the evidence. Appellant argues with much force that, assuming appellant's negligence, plaintiff was guilty of contributory negligence, which, as a matter of law, would prevent his recovery. The jury an-

swered the question, "Was the plaintiff guilty of contributory negligence, as defined by the court in his instructions?" as follows: "To a certain extent." The evidence shows that plaintiff drove north 600 or 700 feet on the west side of the track, and that, seeing a team about 6 feet west of the track, approaching from the north, he looked over his shoulder for a distance of about 100 feet, saw no car, then turned upon the track and drove north, without looking back, for a distance of 60 or 70 feet, to the point where he was struck by the car.

A traveler passing along a city street has a right to use every part of it regardless of whether there is a street car track in it or not. The rights of a street car are, simply, in view of the inability of the cars to leave their tracks, it is the duty of free vehicles not to obstruct them, unnecessarily, and to turn to one side when they meet them; but, subject to that, and to the respective powers of the two, a car and a wagon owe reciprocal duties to use reasonable care on each side to avoid a collision. The plaintiff was not a trespasser on the street car tracks in any sense. The right of the street railway in the street is only to use it in common with the public. It has no exclusive right of travel, even upon its track, and is bound to use the same care in preventing a collision, as the driver of a wagon, or any person crossing or entering upon the highway. Street cars have precedence, necessarily, in the portion of the way designated for their use. This superior right must be exercised, however, with proper caution and a due regard for the rights of others; and the fact that it has a prescribed route does not alter the duty of a street railway company to the public, who have the right to travel upon its track until they are overtaken by its cars. In the case at bar, there is no dispute but that the motorman saw, or might have seen, the plaintiff, for some time and for a considerable distance, before he overtook and struck him with the car.

On the question of the contributory negligence of the plaintiff, and the duty of the defendant if plaintiff was guilty of contributory negligence, the court charged the jury as follows: "I charge you, gentlemen of the jury, as a matter of law, that even if you find from a preponderance of the evidence that the plaintiff in this action was guilty of contributory negligence in going upon the defendant's track, under all the circumstances of the case, that nevertheless, if the defendant or its employees in charge of the car were aware, or should

by the exercise of reasonable diligence and care have become aware, of the dangerous position of the plaintiff, in time to háve, by the exercise of reasonable diligence and care, avoided the collision with the buggy of the plaintiff, that the prior negligence of the plaintiff would not bar his right to recover in this action." This instruction states the law correctly. If the motorman, after seeing respondent, had any reasonable ground to apprehend, that he was not aware of the approaching train, and was unconscious of the danger that was imminent, a recovery is justified notwithstanding plaintiff's prior negligence. Evans v. Adams Exp. Co. 122 Ind. 362, 7 L.R.A. 678, 23 N. E. 1039; Evansville & C. R. Co. v. Hiatt, 17 Ind. 102; Krenzer v. Pittsburg, C. C. & St. L. R. Co. 151 Ind. 587, 68 Am. St. Rep. 252, 43 N. E. 649, 52 N. E. 220; Citizens' Street R. Co. v. Hamer, 29 Ind. App. 426, 62 N. E. 658, 63 N. E. 778. The ground upon which a plaintiff may recover, notwithstanding his own negligence, is that the defendant, after becoming aware of the danger to which the plaintiff was exposed, failed to use a proper degree of care to avoid injuring him. Zimmerman v. Hannibal & St. J. R. Co. 71 Mo. 476. It is not necessarily negligent to drive a vehicle along a street railway track in the direction in which cars travel upon the track, nor in the direction from which the cars will approach. But when so driving, the driver should keep a lookout for cars approaching in the opposite direction, and he should use reasonable diligence to ascertain the approach of cars from the rear, but he is not, as a matter of law, required to keep a constant watch to the rear to discover approaching cars. Hot Springs Street R. Co. v. Hildreth, 72 Ark. 572, 82 S. W. 245.

A driver of a vehicle has a right to assume, and to act upon the assumption, that warning will be given by those in charge of the approaching car behind him, and that the motorman will not knowingly or negligently run him down. The evidence shows conclusively that the car could be stopped in from 20 to 25 feet. The jury found that the plaintiff drove on the track for a distance of 60 to 70 feet, at the rate of 3 miles per hour. The defendant necessarily traveled about 200 feet from the time plaintiff first drove upon the track to the time of the accident. Consequently the motorman had sufficient time to stop the car and avoid the accident. The jury found, further, that the car ran north of the point where the collision occurred before it came

to a stop a distance of from 20 to 30 feet.  The evidence amply justifies the finding of the jury that the motorman did not exercise ordinary care and reasonable diligence in stopping his car and preventing the accident after he saw, or might in the exercise of reasonable diligence have seen, that plaintiff was in a position of danger.  Unless the negligence of the plaintiff proximately contributed to the injury, it does not constitue contributory negligence which bars a recovery.  The party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible for it.  A very full discussion of the doctrine of the last clear chance is found in note to case of Bogan v. Carolina C. R. Co. 55 L.R.A. 418.

Thompson on Negligence, vol. 1, § 177, lays down the following rule: "But suppose the traveler had come upon the track without making any use of his faculties to ascertain whether or not a train was approaching, but he had nevertheless arrived upon or near the track so far ahead of the train that those in charge of it, after seeing him thus exposed to danger, might have avoided injuring him; or if the circumstances were such that, by keeping the lookout which is required by law of persons propelling such a dangerous agency over a public highway, they might have seen him in time to have avoided injuring him, by the use of ordinary or reasonable care, by checking the speed of the train or by giving him warning,—but negligently failed in these particulars,—then the railroad company may be liable to the traveler, or to the person suing for the injury done to him, because its negligence is deemed the proximate cause of the injury, while his is deemed a remote cause of it."

The following is taken from Thompson on Negligence, vol. 2, § 1477: "It is, then, a rule constantly applied by many courts in these cases that, although the traveler may have been guilty of negligence in exposing himself to danger on the tracks of the street railway company, yet if, after discovering him in his exposed position, or if, by the exercise of ordinary diligence and attention to his duties, the driver could have discovered him in that position in time to avoid running upon him and injuring him, by the exercise of the like care in giving him warning, or in checking or stopping the car, the company will be liable."

In 27 Am. & Eng. Ency. of Law, 2d ed. p. 70, the rule is thus

stated: "While it is the duty of vehicles moving along street railway tracks to leave the tracks on the approach of cars, so as not to obstruct their passage, still those in charge of cars must use reasonable diligence to prevent collisions, and the company is liable for injuries resulting from their failure to do so. . . . It has been held that where a street car approaching from the rear runs down a wagon driving along the track, this is of itself sufficient evidence of negligence on the part of the street railway company, in the absence of special circumstances excusing such act to carry the question to the jury. Where a street car is approaching from the rear a vehicle moving along the track, the person operating the car has not the right to proceed without regard to the presence of the vehicle, in anticipation that the vehicle will leave the track in time to give free passage to the car."

"When a motoneer discovers a vehicle on the track a short distance ahead of him, it is his duty to have the power which propels the car under his control, and to use it so as to avoid a collision with such vehicle if he can. The fact that the vehicle can be turned in either direction, and that the way is open for it to be turned, does not relieve the motoneer of the duty to use ordinary care to avoid a collision. It must be remembered that the plaintiff was not a trespasser, but was rightfully upon the street." Flannagan v. St. Paul City R. Co. 68 Minn. 300, 71 N. W. 379.

In the case of a trolley car overtaking another vehicle directly in a line with its progress, and a possible obstacle in its way, a proper regard for the rights of others requires that the car be reduced to such control that it may be brought to a standstill, if necessary. Consolidated Traction Co. v. Haight, 59 N. J. L. 577, 37 Atl. 135; Prendenville v. St. Louis Transit Co. 128 Mo. App. 596, 107 S. W. 453.

The street trolley has no special right of way accorded to it by law, and the duty imposed upon other vehicles is equally imposed upon it. No vehicle can, without reasonable notice of its approach (what is reasonable notice is a question for the jury), violently run into, or force from its way, another, having a legitimate right upon the street, without becoming responsible for any damage which may result. Consolidated Traction Co. v. Haight, supra.

One driving upon the side of a street has a right to drive upon a street railway track in order to pass another vehicle standing between

the curb and the track.   Goodson v. New York City R. Co. (Sup.) 94 N. Y. Supp. 10.

Negligence and contributory negligence are questions for the jury, where plaintiff, driving a wagon so loaded with barrels that he could not see behind it without leaning to the side, failing so to look, pulled in towards defendant's street car track to pass a carriage standing by the curb, so that the barrels were struck by an electric car which came from behind, frightening his horses, and causing them to run away and injure him, there being evidence that the wagon, before being struck, traveled 35 feet while within the line of the car, and that the motorman, though seeing the wagon in time to stop, being 30 to 50 feet from it, increased his speed to 6 miles an hour, thinking he had room enough to pass.   Blakeslee v. Consolidated Street R. Co. 112 Mich. 63, 70 N. W. 408.

A driver of a team and wagon, who looked and listened for a car prior to going on a street car track, and who neither saw nor heard a car, was not negligent as a matter of law for not looking for a car within a minute thereafter while driving 470 feet along the track.   Bensiek v. St. Louis Transit Co. 125 Mo. App. 121, 102 S. W. 587.

A street railway company is liable for injuries sustained by a collision between a vehicle and a car, where the employees in charge of the car by the exercise of ordinary care could have avoided the accident, notwithstanding the negligence of the driver in the first instance in placing himself in a situation of peril.   Ibid.

A driver in a city street has a right to expect that street cars will be managed with reasonable care and a proper regard for the rights of others lawfully using the street, and he may drive along the track in full view of a car approaching from the rear, and the fact that he so proceeds for any distance will not charge him with contributory negligence in case of a collision, if, under all the circumstances, his conduct was consistent with ordinary prudence; the only limitation on his right being that he must not unnecessarily interfere with the passage of the car, which, though entitled to preference, has not an exclusive right to the track.   Cohen v. Metropolitan Street R. Co. 34 Misc. 186, 68 N. Y. Supp. 830.

The following decisions by various courts of various states cover the case most thoroughly, and are in accord with the principles herein ex-

20 N. D.—29.

pressed: Vincent v. Norton & T. Street R. Co. 180 Mass. 104, 61 N. E. 822 (by Holmes, Ch. J.); Fenner v. Wilkes-Barre & W. Valley Traction Co. 202 Pa. 365, 51 Atl. 1034; Consumers' Electric Light & Street R. Co. v. Pryor, 44 Fla. 354, 32 So. 797, 806; Manor v. Bay Cities Consol. R. Co. 118 Mich. 1, 76 N. W. 139; Schilling v. Metropolitan Street R. Co. 47 App. Div. 500, 62 N. Y. Supp. 403; Shea v. Potrero & B. V. R. Co. 44 Cal. 414; Mahoney v. San Francisco & S. M. R. Co. 110 Cal. 471, 42 Pac. 968; Robinson v. Louisville R. Co., 50 C. C. A. 357, 112 Fed. 484; Tashjian v. Worcester Consol. Street R. Co. 177 Mass. 75, 58 N. E. 281; Tacoma R. & Power Co. v. Hays, 49 C. C. A. 115, 110 Fed. 496; Hall v. Ogden City Street R. Co. 13 Utah, 243, 57 Am. St. Rep. 726, 44 Pac. 1046; Saunders v. City & Suburban R. Co. 99 Tenn. 130, 41 S. W. 1031; Citizens' Rapid Transit Co. v. Seigrist, 96 Tenn. 119, 33 S. W. 920; Woodland v. North Jersey Street R. Co. 66 N. J. L. 455, 49 Atl. 479; Shea v. St. Paul City R. Co. 50 Minn. 395, 52 N. W. 902; Laethem v. Ft. Wayne & B. I. R. Co. 100 Mich. 297, 58 N. W. 996; Citizens' Street R. Co. v. Steen, 42 Ark. 321; Shaw v. Salt Lake City R. Co. 21 Utah, 76, 59 Pac. 552; McClellan v. Ft. Wayne & B. I. R. Co. 105 Mich. 101, 62 N. W. 1025; Indianapolis Street R. Co. v. Darnell, 32 Ind. App. 687, 68 N. E. 609; Moritz v. St. Louis Transit Co. 102 Mo. App. 657, 77 S. W. 477; Greene v. Louisville R. Co. 119 Ky. 862, 84 S. W. 1154, 7 A. & E. Ann. Cas. 1126; Barry v. Burlington R. & Light Co. 119 Iowa, 62, 93 N. W. 68, 95 N. W. 229; Indiana Union Traction Co. v. Pheanis, 43 Ind. App. 653, 85 N. E. 1040; Memphis Street R. Co. v. Haynes, 112 Tenn. 712, 81 S. W. 374; Benjamin v. Holyoke Street R. Co. 160 Mass. 3, 39 Am. St. Rep. 446, 35 N. E. 95; Ablard v. Detroit United R. Co. 139 Mich. 248, 102 N. W. 741; Noll v. St. Louis Transit Co. 100 Mo. App. 367, 73 S. W. 907; Funck v. Metropolitan Street R. Co. 133 Mo. App. 419, 113 S. W. 694; Ball v. Camden & T. R. Co. 76 N. J. L. 539, 72 Atl. 76; Mayes v. Metropolitan Street R. Co. 121 Mo. App. 614, 97 S. W. 612; Indianapolis Street R. Co. v. Marschke, 166 Ind. 490, 77 N. E. 945.

In Funck v. Metropolitan Street R. Co. 133 Mo. App. 419, 113 S. W. 694, plaintiff drove 335 feet on defendant's track without looking back for a car although he might have done so. He looked when he first drove onto the track and saw no car. The night was dark except

for street lamps. The defendant pleaded contributory negligence on the part of plaintiff. The court says: "If those in charge of a street car discovered, or should by the exercise of ordinary care have discovered, plaintiff's peril while driving a wagon on the track in time to have avoided a collision, and did not do so, plaintiff's negligence in failing to look back for an approaching car would not preclude his recovery;" and further says: "Under the facts, it was the duty of the court to submit to the jury the question whether defendant had performed its duty in the premise' in making a proper effort to have avoided the collision after its motorman saw, or could have seen by the exercise of ordinary care, plaintiff's peril."

In Ball v. Camden & T. R. Co. 76 N. J. L. 539, 72 Atl. 76, the plaintiffs, husband and wife, were in a top buggy with the top up and back curtains down but side curtains up. It was December 2, 1905, a night described by plaintiffs' witnesses as "drizzly and dark." There were two car tracks in the street, and the horse and buggy were being driven in the right-hand track. The plaintiffs became aware of a car coming up behind them, and were in the act of turning out when struck, the buggy being wrecked, and Mrs. Ball more or less injured. The husband and wife both testified that they heard no bell nor any sound of the car. They did not claim to have looked back to see if a car was coming, but both said that its approach was manifested by their seeing the light from the headlight of the car shining under the feet of the horse. Ball immediately pulled his horse to the right, but did not clear the track in time to avoid the car. A motion was made to nonsuit, which was denied. The court says: "We think there was a clear case for the jury on this point. The circumstances, which the jury were entitled to find as facts, that a trolley car driven at high speed on a dark night ran into the rear of a wagon in front of it, and traveling in the same direction, without any warning, and when the car had a headlight bright enough to show by its very reflection on the ground the approach of the car to those in the wagon, and therefore manifestly bright enough to make the wagon plainly visible to an ordinarily watchful motorman, seem to us quite sufficient to justify the jury in concluding that the motorman was not properly attending to his duties, and the court would have been in error to remove such a question from their consideration. The contributory negligence of the plaintiffs

was also a jury question. It is intimated by plaintiff in error that Ball was guilty of negligence in law by driving on the car track and not keeping a vigilant lookout to his rear; but he was entitled to drive on any part of the roadway, having due regard for the rights of others, and was not bound to keep a lookout behind him."

In Mayes v. Metropolitan Street R. Co. 121 Mo. App. 614, 97 S. W. 612, the court says: "Where plaintiff looked to see if a car was approaching from the rear when she drove into a street, she was not bound to look back while driving close to the car track to guard against a car approaching from the rear, she being entitled to presume that persons in control of such cars and other following vehicles would look out for her safety and avoid running into her."

In Indianapolis Street R. Co. v. Marschke, 166 Ind. 490, 77 N. E. 945, plaintiff was driving at an ordinary trot. There were four street car tracks. She turned toward the track nearest her for the purpose of passing a heavy wagon that was slowly moving in the direction which she was going. Appellee knew that the south-east bound electric cars used the said track, and as she turned in that direction she glanced back up the track, and also listened. She did not hear a gong, nor did she hear a car moving on the viaduct. She continued to drive near the southwest rail of said track until she was opposite the wagon, when the running board of appellant's street car which had approached her from the rear, came into contact with the left hind wheel of her buggy, throwing her out and injuring her. The court held that the question of the contributory negligence of the plaintiff in driving on the track was one for the jury. The court further held that one driving along a street railroad track in daylight has the right to suppose that, if a car is approaching from the rear, a proper lookout is maintained and that ordinary care will be exercised not to injure him.

Appellant claims that the plaintiff's conduct in driving on the track amounted to gross negligence as a matter of law, which should defeat his recovery, and claims further that the jury found as a matter of fact that plaintiff was guilty of contributory negligence. We do not think that this finding helps appellant. Both parties being negligent, the true rule is held to be that the party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. It is well settled that a

plaintiff may recover damages for an injury caused by the defendant's negligence, notwithstanding the plaintiff's own negligence exposed him to the risk of injury, if such injury was proximately caused by the defendant's omission (after becoming aware of the plaintiff's danger) to use ordinary care for the purpose of avoiding the injury to him. Harrington v. Los Angeles R. Co. 140 Cal. 514, 63 L.R.A. 238, 98 Am. St. Rep. 85, 74 Pac. 15; Thompson v. Salt Lake Rapid Transit Co. 16 Utah, 281, 40 L.R.A. 172, 67 Am. St. Rep. 621, 52 Pac. 92; Baltimore Consol. R. Co. v. Rifcowitz, 89 Md. 338, 43 Atl. 762; Hart v. Cedar Rapids &.M. City R. Co. 109 Iowa, 631, 80 N. W. 662; Remillard v. Sioux City Traction Co. 138 Iowa, 565, 115 N. W. 900; Ramsey v. Cedar Rapids & M. City R. Co. 135 Iowa, 329, 112 N. W. 798; Jett v. General Electric R. Co. 178 Mo. 664, 77 S. W. 738; St. Louis, B. & M. R. Co. v. Droddy, — Tex. Civ. App. —, 114 S. W. 902; Murray v. St. Louis Transit Co. 108 Mo. App. 501, 83 S. W. 995; Wichita R. & Light Co. v. Liebhart, 80 Kan. 91, 101 Pac. 457; Ruppel v. United R. Co. 10 Cal. App. 319, 101 Pac. 803; St. Louis Southwestern R. Co. v. Thompson, 89 Ark. 496, 117 S. W. 541; 2 Thomp. Neg. § 1477.

The jury awarded plaintiff $2,450, without interest. The damages so awarded, appellant insists, are so excessive as to appear to have been given under the influence of passion and prejudice. We do not think that the damages are so excessive as to warrant us in setting aside or reducing the verdict on that ground. Plaintiff testified that he suffered more or less pain ever since the accident; that the difficulty was a little above the small of the back and just above the groin on the right side. He tried to do little jobs several times since, but always had to quit. When he attempted to work this pain took him across the back and in the side; previous to the accident he was always well and able to work.

The jury, by the special findings, did not find that plaintiff received any permanent injuries by reason of the accident, but did find that he was injured in his kidneys, liver, and head. The court instructed the jury as follows: "May I impress upon you the necessity of the greatest care in making answer to these questions, because, under the law, the answers to the separate questions must be of such a nature that they will fully support the general verdict which you shall find." This,

appellant insists, is error, and contends that if the court instructs the jury that the special findings must be consistent with the general verdict, then the value of the special findings amounts to absolutely nothing. The instruction complained of immediately precedes the following: "Under our law it is proper to present to juries questions to be answered, as I am doing in this case. The purpose of it is that the court may be fully informed as to the character of the decision which you have made. To aid you in forming your conclusions, in addition to the general instructions, which I will give you, concerning the law, may I suggest to you the following: You will be permitted to take with you to the jury room the extra copies of the questions which you have been using during the arguments of counsel. By reading those questions in connection with the instructions of the court concerning the law found herein, you will be able to determine which party is entitled to prevail, by making answer to these questions according as you shall find the facts to be. Your answers to these questions should be direct, concise, and couched in as few words as possible. To the end, therefore, that there may be no error, and that your special findings may fully support the general verdict which you render, you had better take one of these extra sets of questions which you have with you, and begin with question No. 1, make your answer thereto, and write it down upon the extra set, then, in their order, question No. 2, and so on throughout the entire series. When you have done this, and thus settled the questions of fact involved in harmony with the instructions concerning the law which I herewith give you, you will then be able to determine which side should prevail."

Section 7034, Rev. Codes 1905, provides that when the special findings of fact are inconsistent with the general verdict, the former controls the latter, and the court must give judgment accordingly. We do not think the court committed any error in the instructions complained of, taken in connection with the balance of the instructions hereinbefore quoted. He merely instructed the jury that the special findings must be consistent with the general verdict, and this the law requires. Section 7034, supra; People v. Murray, 52 Mich. 289, 17 N. W. 843; Des Moines & D. Land & Tree Co. v. Polk County Homestead & T. Co. 82 Iowa, 663, 45 N. W. 773; Capital City Bank v. Wakefield, 83 Iowa, 46, 48 N. W. 1059.

In People v. Murray, 52 Mich. 289, 17 N. W. 843, a number of special questions were put to the jury. The judge said to the jury as to these: "Answer the questions put to you, keeping in mind that the answers to these questions should be consistent with the verdict which you find." This, it is urged, required the jury to conform their special findings to the general verdict. But we think the court merely reminded the jury that the general verdict should be in accord with the facts as they found them; an unnecessary caution, perhaps, but certainly not misleading.

In Des Moines & D. Land & Tree Co. v. Polk County Homestead & T. Co. 82 Iowa, 663, 45 N. W. 773, the court submitted two special findings. The jury were instructed to be careful that the answers to these interrogatories supported and were in harmony with the general verdict. The court says: "There was clearly no error in this action of the court. The caution given to the jury was timely, and tended to direct them to a careful consideration of the facts, and the necessity of consistency in their findings and verdict. Special findings are often the cause of much perplexity to juries, especially, as is sometimes the case, when they are numerous, and requested rather for the purpose of confusing than making clear that about which they are investigating."

In Capital City Bank v. Wakefield, 83 Iowa, 46, 48 N. W. 1059, the court submitted special interrogatories to the jury with these instructions: "You will decide upon them in the same manner as your general verdict, and answer the same. You will be careful, however, that these answers are in harmony with and support your general verdict." The court says: "The general tenor of previous instructions is that they should decide the case upon the evidence, and then they were specifically told that they must decide upon these special questions in the same manner as their general verdict. Thus far the jury could be in no doubt but that they were to decide the special questions from the evidence. The caution which follows could not lead to a different conclusion. True it would have been more, exactly correct if it had cautioned them to be careful that their general verdict was in harmony with the answers, as the answers control; but we do not think, in view of what preceded, that the jury could have understood that they were to decide upon their answers to the special interrogatories from anything but the evidence.

Appellant in his 13th assignment assigns as error the following portion of the charge: "However, the court further instructs you that the plaintiff is bound to exercise that degree of care and caution for his own safety that a person of ordinary prudence would exercise under the same and similar conditions and circumstances, and if you believe that the plaintiff did not exercise such a degree of care and caution, and the accident was occasioned thereby, then the law is for the de fendant, and you should so find, unless you further find that the defendant did or could have discovered the peril of the plaintiff in time to have avoided the injury to him, by the exercise of reasonable diligence;" and contends that in effect the court charged the jury: "That in order that the contributory negligence of the plaintiff shall prevent his recovery it must have occasioned (that is, caused) the accident. In other words, must have been the immediate and sole cause of the accident. We do not think that the learned trial court intended to have the jury so understand. What he undoubtedly intended to convey to the jury was that the negligence of the plaintiff must have proximately contributed to the injury. The true rule is that where the injured person's negligence is a mere condition before the accident, and the injury could be prevented by the exercise of reasonable care and prudence on the part of the company after his peril is discovered or should be discovered, his negligence is a remote cause and the company's negligence the proximate cause of the injury, and hence there may be a recovery therefor. 36 Cyc. Law & Proc. p. 1528, and cases cited. The respondent had a right to expect that a proper lookout would be kept by those in charge of the cars, and that ordinary care would be exercised by them to avoid injuring him. Greene v. Louisville R. Co. 119 Ky. 862, 84 S. W. 1154, 7 A. & E. Ann. Cas. 1126; Wenninger v. Lincoln Traction Co. 84 Neb. 385, 121 N. W. 237; Randle v. Birmingham R., Light & P. Co. 158 Ala. 532, 48 So. 114; Pilmer v. Boise Traction Co. 14 Idaho, 327, 15 L.R.A.(N.S.) 254, 125 Am. St. Rep. 161, 94 Pac. 432; Bensiek v. St. Louis Transit Co. 125 Mo. App. 121, 102 S. W. 587.

In his 14th assignment appellant assigns as error the following portion of the court's charge: "I charge you as a matter of law that it was the duty of the defendant in this case and its employees, after discovering, if it did so discover, the dangerous position of the plain-

tiff, if you find from the evidence that his position was dangerous, to use the greatest degree of care to avoid injuring the plaintiff." Appellant particularly objects to the use of the words "greatest degree of care." While a street railway company is required to exercise a very high degree of care in the operation of its road in public streets and highways, it is only required to exercise what under the circumstances is ordinary care and prudence; that is, it is required to exercise such care and vigilance in the management and operation of its cars to avoid injuring persons rightfully upon such streets or highways as a person of ordinary prudence and capacity may be expected to exercise under the same or similar circumstances, but it is not required to exercise the highest degree of care, or guard against unusual and extraordinary dangers. What constitutes ordinary care and prudence within the meaning of the above rule depends upon the known and reasonably to be expected hazards and dangers of the particular case, and varies under different conditions, such as the character of the cars, the agency of propulsion, the locality in which they are operated, whether in the country or in a, city, whether over much traveled or unfrequented streets, and the possibility or probability attending their operation as what under some conditions will be ordinary and reasonable care may under other conditions amount even to gross negligence. The plaintiff was not a trespasser, and it was the duty of the defendant to keep a special lookout to avoid a collision with persons or animals lawfully upon the track. The care should be commensurate with the dangers to be reasonably apprehended. The general rule imposes upon street railway companies the duty to exercise exceptional care in operating their cars upon the public streets of a city. 36 Cyc. Law & Proc. p. 1473, and cases cited.

In Bunyan v. Citizens' R. Co. 127 Mo. 12, 29 S. W. 842, the court says: "It was the duty of the gripman and other employees to keep a vigilant watch for persons on or approaching the track, and, when discovered in danger, to use every possible effort, consistent with the safety of passengers, to avoid striking them. This duty does not depend upon the fact that the person had negligently placed himself in the position of danger. The previous negligence of such person would constitute no defense to an action for an injury resulting from neglect of these duties." Bishop v. Chicago, M. & St. P. R. Co. 4 N. D.

536, 62 N. W. 605; Johnson v. Great Northern R. Co. 7 N. D. 284, 75 N. W. 250; Missouri, K. & T. R. Co. v. Reynolds, — Tex. Civ. App. —, 115 S. W. 341.

In Maxfield v. Texas & P. R. Co. — Tex. Civ App. —, 117 S. W. 483, the court uses the following language: "It was the absolute duty of the engineer in charge of appellee's train, when he discovered appellant's peril, to make use of all the means at his command, consistent with the safety of the engine, to stop or check the train and avoid striking appellant."

The 18th question submitted to the jury is as follows: "Was the defendant guilty of negligence under the law as laid down by the court?" Answer, "Yes."

The 28th question submitted to the jury is as follows: "Did the motorman exercise ordinary care and reasonable diligence as those terms are defined by the court, in stopping his car and preventing the accident after he saw, or might in the exercise of reasonable diligence have seen, that plaintiff was in a position of danger?" To which question the jury answered, "No." The court having correctly defined "ordinary care," and the jury having found that the motorman of defendant did not exercise ordinary care and reasonable diligence in stopping his car and preventing the accident after he saw, or might in the exercise of reasonable diligence have seen, that plaintiff was in a position of danger, the appellant was not prejudiced by the instructions complained of. A judgment will not be reversed because of an erroneous instruction, when it affirmatively appears from answers to interrogatories, that such instruction did not influence the jury in reaching its verdict. 20 Enc. Pl. & Pr. p. 304; Harriman v. Queen Ins. Co. 49 Wis. 71, 5 N. W. 12; Worley v. Moore, 97 Ind. 15; Cleveland, C. C. & I. R. Co. v. Newell, 104 Ind. 265, 54 Am. Rep. 312, 3 N. E. 836; Woolery v. Louisville, N. A. & C. R. Co. 107 Ind. 381, 57 Am. Rep. 114, 8 N. E. 226; Porter v. Waltz, 108 Ind. 40, 8 N. E. 705; Fisk v. Chicago, M. & St. P. R. Co. 83 Iowa, 253, 48 N. W. 1081; Ft. Scott W. & W. R. Co. v. Karracker, 46 Kan. 511, 26 Pac. 1027; Atchison, T. & S. F. R. Co. v. McKee, 37 Kan. 592, 15 Pac. 484; New Omaha Thompson-Houston Electric Light Co. v. Dent, 68 Neb. 668, 94 N. W. 819, 103 N. W. 1091.

In Woolery v. Louisville, N. A. & C. R. Co. 107 Ind. 381, 57

Am. Rep. 114, 8 N. E. 226, the court says: "It is now urged that these instructions were erroneous, in that they required the plaintiff to prove more than was necessary in each case, in order to establish the defendant's negligence. However this may be, since it affirmatively appears from the answers to special interrogatories, that the jury found the defendant guilty of negligence, and that their verdict in its favor was the result of finding the decedent guilty of contributory negligence, it is certain that the instructions in reference to this feature of the case were not prejudicial to the plaintiff. A judgment will not be reversed upon an erroneous instruction, when it affirmatively appears from answers to interrogatories, that the instruction complained of was not influential in inducing the verdict."

In the case at bar, the jury having found that the motorman of defendant did not exercise ordinary care and reasonable diligence in stopping his car and preventing the accident after he saw, or might in the exercise of reasonable diligence have seen, that plaintiff was in a position of danger, it is plain that the verdict was not arrived at by reason of the court having used the word "occasioned" in the instruction complained of in appellant's 13th assignment of error, nor by having instructed the jury that it was the duty of the defendant in this case and its employee after discovering, if it did discover, the dangerous position of the plaintiff, if dangerous, to use the greatest degree of care to avoid injuring the plaintiff, as the jury found that the defendant did not exercise ordinary care. What has heretofore been said in regard to the 14th assignment of error disposes of the 16th and 17th assignments of error.

Appellant contends that the cases in which it has been held that special findings cured erroneous instructions are all those in which the instruction is based upon the existence or absence of a fact, and the special finding has found that such fact exists or does not exist, hence showing clearly and conclusively that the erroneous instruction was not prejudicial. We are unable to concur in the contention of counsel that the rule that erroneous instructions may be cured by the answers to special interrogatories has no application in the case at bar.

The court refused to give the following instruction: "I further charge you that, though the motorman saw the plaintiff driving along, and on the track, and (if he was driving thereon) he had a right to

assume that the plaintiff would exercise ordinary care to observe the approach of the car, and would get out of danger before the car would reach him, and that the motorman is not required to check his car (if said car is running at an ordinary rate of speed) until he has reasonable cause to believe that there is actual danger of a collision." The refusal to give this instruction is now assigned as error. This requested instruction does not state the law correctly, as applied to the facts of this case, as the jury found that the plaintiff drove 60 or 70 feet along the railroad track, and that the car was not stopped until it reached a point between 20 and 30 feet north of the accident, when the evidence shows that it could have been stopped in from 20 to 25 feet if the motorman had it under control. The motorman had no right to assume that plaintiff would get off the track before the car reached him. It was his duty to use ordinary care to avoid the accident and have his car under control.

There is no merit in appellant's contention that certain of the special findings are inconsistent with each other and are inconsistent with the general verdict. The special findings made by the jury are sufficient to sustain the general verdict.

If the questions not answered, or where the answers are not proved, were all answered favorably to appellant, the special verdict would not be inconsistent with the general verdict, taking into consideration the answers to the balance of the question submitted to the jury; and we are unable to see how appellant's rights are prejudicially affected by the answers or lack of answers to these questions.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

All concur, except MORGAN, Ch. J., not participating.